UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID WHITT, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 18-cv-1294 |
| CITY OF ST. LOUIS, OFFICER RYAN J. LINHORST, SERGEANT MATTHEW T. KARNOWSKI, OFFICER MATTHEW A. SHAW, DETECTIVE BOBBY D. BAINE, and JOHN DOES 1-3, | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

## COMPLAINT

Plaintiff David Whitt, by his undersigned attorneys, for his complaint against defendants City of St. Louis, Officer Ryan J. Linhorst, Sergeant Matthew T. Karnowski, Officer Matthew A. Shaw, Detective Bobby D. Baine, and Officer John Does 1-3, alleges as follows:

## INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 and Missouri state law to redress the violation of Plaintiff David Whitt's constitutional rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution.

2. David Whitt is a member of CopWatch, a group of community members who monitor and document police activity. In August 2016, David Whitt was arrested and prosecuted for filming St. Louis Metropolitan Police officers in public. Mr. Whitt's camcorder was seized and searched following his unlawful arrest. Eventually, the City of St. Louis abandoned its charge against Mr. Whitt, who now seeks redress for damages and loss of liberty he suffered for lawfully

engaging in constitutionally protected expressive activity. He further seeks injunctive relief to prevent SLMPD officers from unlawfully arresting him and searching his recording devices.

## PARTIES

3. Plaintiff David Whitt ("Whitt") is a resident of the City of St. Louis, Missouri, and is over eighteen years of age.

4. Defendant City of St. Louis ("City") is a constitutional charter city created and organized pursuant to the Missouri Constitution and laws of the State of Missouri. The City oversees various agencies and departments, including but not limited to the St. Louis Metropolitan Police Department ("SLMPD") and the St. Louis City Law Department "Law Department." The City has direct supervision and control of its employee-officers, including the SLMPD Defendants named herein.

5. Officer Ryan J. Linhorst ("Linhorst) is or was an employee of the City as a member of the St. Louis Metropolitan Police Department ("SLMPD") during the relevant time period and assisted and wrote the incident report related to David Whitt's arrest.

6. Sergeant Matthew T. Karnowski ("Karnowski") is or was an employee of the City as a member of the SLMPD during the relevant time period and ordered and assisted in arresting Whitt.

7. Officer Matthew A. Shaw ("Shaw") is or was an employee of the City as a member of the SLMPD during the relevant time period and assisted in the arrest of Whitt.

8. Detective Bobby D. Baine ("Baine") is or was an employee of the City as a detective of the SLMPD during the relevant time period and assisted in the investigation against Whitt.

2

9. Defendants John Does 1-3 (collectively, the "Doe Defendants") are or were employees of the City as members of the SLMPD during the relevant time period and assisted with Whitt's arrest or detention on August 8, 2016, or contributed to the incident report which resulted in his prosecution.

10. Defendants Linhorst, Karnowski, Shaw, Baine, and Doe Defendants are collectively referred to herein as the "SLMPD Defendants." All of the SLMPD Defendants were acting under color of law and within the scope of their employment with the City and SLMPD at all relevant times. All are sued in their individual capacities. The City and SLMPD Defendants are collectively referred to herein as the "Defendants."

## JURISDICTION AND VENUE

11. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of the Plaintiff's rights as secured by the First and Fourth Amendments to the United States Constitution, as incorporated against States and their municipal divisions through the Fourteenth Amendment. This Court therefore has jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff also brings parallel state claims under the Missouri Constitution, and requests supplemental jurisdiction of those claims pursuant to 28 U.S.C. § 1367.

12. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(e) because a substantial part of the events giving rise to the claims asserted in this action occurred in this judicial district. Divisional venue is proper in the Eastern Division because a substantial part of the events giving rise to Plaintiff's claims arose in the City of St. Louis. E.D.Mo. L.R. 2.07(A)(1), (B)(1).

## FACTS

*CopWatch and Police Accountability*

13. David Whitt is a founding member of the St. Louis Chapter of WeCopWatch ("CopWatch"), and an advocate for social justice and police accountability.

14. CopWatch began in the early 1990s in response to police violence in the community. The organization aims to protect communities by filming police engagement and to educate people on their rights if confronted by police.

15. The St. Louis Chapter of CopWatch is a network of community members that observes, monitors and records police activity, with the goal of capturing and preventing police misconduct. Members are trained to peacefully observe and deter aggressive and illegal police activity by using video recording devices and their physical presence.

16. Whitt co-founded the St. Louis chapter in 2014, after Michael Brown was killed by an on-duty St. Louis police officer and there was no video evidence of the incident.

17. CopWatch has a presence across the United States which entails activists in various cities use recording devices in the search for justice for those harassed, harmed, or even killed by police officers. For example, on the morning of April 12, 2015, Freddie Gray was brutalized by Baltimore police officers. Kevin Moore recorded Freddie Gray's violent arrest after hearing the commotion outside of his home. After uploading the video footage, the brutality of the officers garnered national attention.

18. It is not unusual for members of CopWatch to be unlawfully arrested while filming police activity. For example, on August 5, 2016, Jose LaSalle, a prominent member of South Bronx CopWatch, was arrested after filming a stop-and-frisk in the South Bronx. He was charged with "obstructing governmental administration," after police claimed that he stood too close to a police

4

investigation. The District Attorney declined to charge him but it did not stop police officers from attempting to extract information from the devices which he used to record the incident.

19. Just days later, David Whitt was arrested in the City of St. Louis while lawfully filming SLMPD officers.

*David Whitt's Arrest*

20. Whitt is well known as an activist and CopWatch member. Although he has provided CopWatch training to communities all over the country—including at the Dakota Access Pipeline—he is particularly well known in his home town of St. Louis and the surrounding St. Louis County. He has appeared in multiple documentaries about CopWatch.

21. Whitt is well known to SLMPD because of his involvement with CopWatch and the frequency with which he films police activity.

22. Whitt has grown accustomed to carrying a camera around with him when he leaves his home in case he encounters police. On August 8, 2016, Whitt rode his bicycle through Wells Avenue in St. Louis.

23. While riding west down Wells Avenue with his camera on and recording, Whitt encountered five marked police vehicles and multiple police officers. One individual was in police custody in a police cruiser.

24. There was no caution or crime scene tape around the site. Whitt stayed a reasonable distance from police officers and the man in custody. Whitt's presence was not creating a threat to officer safety, and was not hindering or interfering with police activity.

25. The events that followed were all recorded on Whitt's camcorder:

   a. Defendant Linhorst drove a police cruiser toward Whitt, placing the vehicle between Whitt and the other police vehicles, pushing Whitt onto the sidewalk. At the same time, Linhorst instructed Whitt to back up. Whitt complied.

   b. Defendant Karnowski instructed Whitt to back up again. Again, Whitt complied, coming to a stop approximately 50 feet away from the police cruiser in which the individual was detained.

   c. Whitt then stated that he could see the individual detained in backseat of a police vehicle, at which point Defendant Karnowski looked off camera and remarked, "Yeah." Defendants Karnowski, Linhorst, and Shaw then moved forward to arrest Whitt.

*Search and Seizure of Whitt's Camcorder*

26. Whitt was detained and booked. He was held for approximately ten hours, and was charged with interfering with a police officer.

27. Whitt paid fifty dollars to be released on bond, and was issued a property receipt for his camcorder and bicycle. But he did not receive his camera back that day. Instead, the camcorder was seized as purported evidence by Officer Linhorst. The camera was held in police custody until January 2017.

28. Officer Linhorst, with the assistance of Baine, then sought a warrant to search the entire contents of Whitt's camera—despite knowing they did not have probable cause to arrest him for interference, or to search the camera for footage of the alleged interference.

29. Nonetheless, Linhorst executed an affidavit in support of a warrant application, claiming Whitt interfered with a police investigation and, while interfering, "was operating and

filming, thus documenting, his interfering with the aforementioned video recording device he was in possession of." *See* **Exhibit A**. In the second portion of his affidavit, Defendant Linhorst used boilerplate language taken from a book titled, "Forensic Computer Crime Investigation" by Thomas Johnson, to explain why a complete search of all computer databases is necessary.

30. A warrant was issued on or about August 11, 2016,[1] and Baine searched the contents of the camcorder, which included footage of police activity over many days, not just August 8, 2016. A true and correct copy of the search warrant and affidavit in support is attached hereto as Exhibit A.

31. On or about October 16, 2016, the City of St. Louis filed formal charges against David Whitt in the St. Louis City Municipal Division, Case No. D00646137-4. Based in whole or in part upon the information contained in the incident report prepared by Defendant Linhorst, the City charged Whitt with interfering with a police officer, in violation of the City's municipal ordinance code. *See* Information, attached hereto as **Exhibit B**.

32. Section 15.10.010 of the St. Louis City Municipal Ordinance Code states:

> Whoever shall, in this City, falsely represent himself to be an officer of this City, or shall, without being duly authorized by the City, exercise or attempt to exercise, any of the duties, functions, or powers of a City officer or member of the Metropolitan Police Force; or shall hinder, obstruct, resist or otherwise interfere with any City officer in the discharge of his official duties; or attempt to prevent any such officer from arresting any person, or attempt to rescue from such officer any person in his custody, shall be deemed guilty of a misdemeanor.

33. Whitt did not take any action to obstruct or interfere. To the extent anything Whitt did might have been interpreted as interfering, Whitt could not be prosecuted because he did not intend to interfere with police.

---

[1] Undersigned counsel did not receive a copy of the affidavit or warrant until May 22, 2017.

7

34. The City proceeded with the prosecution despite lacking probable cause to pursue the charge against Whitt, and despite having in its possession Whitt's own video footage which showed him standing more than a reasonable distance from police and complying with police requests to back up.

35. The City initially refused to return Whitt's camcorder. Undersigned counsel requested it shortly after appearing in his municipal case, but the City Counselor's office initially refused to return the camcorder, claiming it was evidence of a crime.

36. After months of back and forth between counsel, Whitt's camcorder was finally released from police custody on January 4, 2017.

37. The camcorder was returned damaged. The lens shutter would not function, and it was no longer able to read an SD card or record film. In addition, it appeared as though police had attempted to erase all footage from the SD card itself.

38. The City engaged in multiple attempts to negotiate dismissal of the case with prejudice via a plea deal, or "rec"—including presenting a release of liability form at counsel's first municipal appearance and as a purported condition to any kind of plea deal. A true and correct copy of the release form is attached hereto as **Exhibit C**. The City abandoned the prosecution by *nolle prosequi* on May 22, 2017.

39. Whitt continues to participate in CopWatch, and fears that it is only a matter of time before his is arrested and prosecuted again for nothing more than exercising his First Amendment right to film police activity in public.

40. While filming police activity, he has experienced retaliatory and unlawful arrests, as well as harassment from officers. This harassment by officers has included officers placing themselves or their vehicles in Whitt's line of sight so he is unable to film a crime scene or arrest.

This practice is pervasive throughout SLMPD, despite SLMPD's internal Special Order No. SO 1-06, which claims to acknowledge individuals' "unambiguous First Amendment right to record officers in public places…."

## CLAIMS FOR RELIEF

### COUNT I
### Unlawful Seizure/False Arrest pursuant to 42 U.S.C. § 1983
### (against Defendants Linhorst, Karnowski, Shaw, and Doe Defendants)

41. Plaintiff incorporates all preceding paragraphs as if fully set forth in this Count.

42. Defendants Linhorst, Karnowski, Shaw, and Doe Defendants arrested David Whitt for lawfully engaging in constitutionally protected expressive activity. Defendant Linhorst prepared an incident report which gave the illusion that David Whitt was a danger to police officers and the crime scene and that there was probable cause to support the arrest when, in fact, there was not.

43. Defendants' seizure of Whitt was unreasonable and unlawful, and deprived Whitt of his right to be free from unreasonable seizure of his person in violation of the Fourth and Fourteenth Amendments to the United States Constitution and his right not to be retaliated against for exercising his First Amendment rights.

44. As a direct result of the Defendants' conduct described above, Plaintiff suffered damages through the loss of liberty.

45. Furthermore, Whitt now reasonably fears future interference with his right to record police, and retaliatory or unlawful arrest for recording police activity. It is not unlikely he will be arrested again for recording SLMPD activity because of his extensive participation in CopWatch, his reputation among SLMPD, and the pervasive custom and practice of SLMPD officers described more fully above and in Count V.

46.     Defendants' actions described herein were intentional, wanton, malicious, and exhibited a reckless indifference to Plaintiff's clearly established constitutional rights.

WHEREFORE, Plaintiff David Whitt requests this Court:

A.      Enter judgment in favor of Plaintiff and against the Defendants;

B.      Award compensatory and punitive damages against the Individual Defendants;

C.      Enter an injunctive order preventing Defendants from unlawfully seizing David Whitt in the future for exercising his constitutional right to film police activity;

D.      Award Plaintiff's reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

E.      Allow such other and further relief as the Court deems just and proper.

## COUNT II
### Malicious Prosecution pursuant to 42 U.S.C. § 1983
### (against Defendants Linhorst, Karnowski, Shaw, and Baine)

47.     Plaintiff incorporates all preceding paragraphs as if fully set forth in this Count.

48.     Defendants instigated a quasi-criminal charge against David Whitt, with Defendants Linhorst, Karnowski and Shaw serving as the complaining witnesses identified in the charging Information, which initiated the municipal prosecution; Defendant Baine serving as the investigating detective that searched the contents of Whitt's camcorder and contributed to the application for search warrant; and Defendant City instigating proceedings against Whitt.

49.     Defendants undertook these actions knowingly and recklessly, and despite the fact that there was no probable cause that Whitt violated the City's ordinance.

50.     To the extent that Defendants claim they believed that the arrest and prosecution of Whitt was supported by probable cause, Defendants' belief was objectively unreasonable because there was no evidence that Whitt "purposefully or knowingly" interfered with police officers.

Indeed, any such account is belied by video evidence in the Defendants' possession, custody, or control at the time the charge was filed.

51. The charge was eventually resolved in Whitt's favor when the City dismissed the charges *nolle prosequi* and abandoned the charge.

52. As a direct result of the Defendants' conduct described above, Plaintiff suffered damages through the loss of liberty.

53. Furthermore, Whitt now reasonably fears future interference with his right to record police, and retaliatory or unlawful arrest for recording police activity. It is not unlikely he will be arrested again for recording SLMPD activity because of his extensive participation in CopWatch, his reputation among SLMPD, and the pervasive custom and practice of SLMPD officers described more fully above and in Count V.

54. Defendants' actions described herein were intentional, wanton, malicious, and exhibited a reckless indifference to Plaintiff's clearly established constitutional rights.

WHEREFORE, Plaintiff David Whitt requests this Court:

A. Enter judgment in favor of Plaintiff and against the Defendants;

B. Award compensatory and punitive damages against the Individual Defendants;

C. Enter an injunctive order preventing Defendants from maliciously prosecuting David Whitt in the future for exercising his constitutional right to film police activity;

D. Award Plaintiff's reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

E. Allow such other and further relief as the Court deems just and proper.

### COUNT III
**Retaliation for Exercise of First Amendment Rights in Violation of First and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983**
**(against Defendants Linhorst, Karnowski, Shaw, and Does)**

55. Plaintiff incorporates all preceding paragraphs as if fully set forth in this Count.

56. Observing on-duty police activity in a public forum, without interfering with those duties, is a legitimate means of gathering information and is expressive conduct protected by the First Amendment of the United States Constitution.

57. On August 8, 2016, Whitt was engaged in constitutionally protected expressive activity—namely, observing and recording on-duty SLMPD officers performing their duties in public.

58. As a result of this activity, and in retaliation for the activity, Defendants Linhorst, Karnowski, Shaw, and Doe Defendants detained and arrested Whitt, seized his camcorder, and initiated municipal charges against him.

59. Defendants' adverse actions in detaining, arresting, seizing the property of, and charging Whitt are sufficiently adverse as to chill a person of ordinary firmness from engaging in protected activity such as recording police in public.

60. During the pendency of the prosecution against him, Whitt had to make appearances in municipal court and retain the assistance of counsel. He lost the use of the camcorder, which was damaged while in police custody. And he now fears being arrested or retaliated against by police while participating in CopWatch activities.

61. As a direct and proximate result of the Defendants' misconduct, David suffered injuries as more fully alleged above, including but not limited to the loss of liberty.

62. Furthermore, Whitt now reasonably fears future interference with his right to record police, and retaliatory or unlawful arrest for recording police activity. It is not unlikely he will be

arrested again for recording SLMPD activity because of his extensive participation in CopWatch, his reputation among SLMPD, and the pervasive custom and practice of SLMPD officers described more fully above and in Count V.

63. Defendants' actions described herein were intentional, wanton, malicious, and exhibited a reckless indifference to Plaintiff's clearly established constitutional rights.

WHEREFORE, Plaintiff David Whitt requests this Court:

A. Enter judgment in favor of Plaintiff and against the Defendants;

B. Enter an injunctive order preventing Defendants from retaliating against David Whitt in the future for exercising his constitutional right to film police activity;

C. Award compensatory and punitive damages against the Individual Defendants;

D. Award Plaintiff's reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

E. Allow such other and further relief as the Court deems just and proper.

## COUNT IV
### Unlawful Search pursuant to 42 U.S.C. § 1983
### (against Defendants Linhorst and Baine)

64. Plaintiff incorporates all preceding paragraphs as if fully set forth in this Count.

65. Plaintiff has a right under the Fourth Amendment to be free from unreasonable search and seizures.

66. As alleged above, Whitt's camera was seized and searched by Defendants after they arrested Whitt without probable cause.

67. In reliance on the statements provided by Defendants Linhorst and Baine, including a reckless and false claim that Whitt was interfering with a police investigation, a search warrant was issued and Whitt's camcorder was searched by police. Upon information and belief, SLMPD accessed footage taken by Whitt over multiple days—not just the day in question. Defendants

13

Linhorst and Baine claimed to have been looking for evidence of Whitt's alleged interference, despite knowing that Whitt had not knowingly or purposefully interfered with a police investigation that day.

68. While in police custody, Whitt's camera was damaged.

69. In addition, Whitt was without his camera for approximately five months while it was held in police custody, despite the fact that it was not evidence of any crime.

70. Defendants' search, seizure, and damage to the camcorder were unlawful.

71. As a direct result of the Defendants' conduct described above, Defendants deprived Whitt of his property and he suffered damages through the loss of property.

72. Defendants' actions described herein were intentional, wanton, malicious, and exhibited a reckless indifference to Plaintiff's clearly established constitutional rights.

WHEREFORE, Plaintiff David Whitt requests this Court:

A. Enter judgment in favor of Plaintiff and against the Defendants;

B. Award compensatory and punitive damages against Defendants Linhorst and Baine;

C. Enter an injunctive order preventing Defendants from unlawfully seizing David Whitt's personal property in the future absent a valid search warrant and probable cause that the property constitutes evidence to a crime;

D. Award Plaintiff's reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

E. Allow such other and further relief as the Court deems just and proper.

### COUNT V
### *Monell* Claim for Violations of First, Fourth, and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983
### (against the City of St. Louis)

73. Plaintiff incorporates all preceding paragraphs as if fully set forth in this Count.

14

74. The City of St. Louis maintains, condones, and is deliberately indifferent to unconstitutional policies, customs and practices of the SLMPD, including but not limited to: falsely arresting people for filming police activity in public, and without probable cause, in violation of the First and Fourth Amendments; enforcing City ordinances in a manner which infringes on free expression and as an improper means for retaliating against protected expression, in violation of the First Amendment; and pursuing baseless municipal prosecutions without probable cause, with malice and for improper retaliatory purposes.

75. These customs and practices are so pervasive that they constitute *de facto* policies of the City of St. Louis.

76. In addition, by its actions the City has ratified the unlawful conduct of the Individual Defendants herein.

77. The aforementioned policies, customs and practices directly caused and were the moving force behind David Whitt's constitutional deprivations and resulting injuries alleged herein, including but not limited to the loss of liberty. Furthermore, he fears future unlawful seizures should he continue to participate in CopWatch activities in the St. Louis area—as he plans to do.

WHEREFORE, Plaintiff David Whitt requests this Court:

A. Enter judgment in favor of Plaintiff and against the Defendant City of St. Louis;

B. Issue a permanent injunction against the City of St. Louis;

C. Award compensatory damages against the City;

D. Award Plaintiff's reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

E. Allow such other and further relief as the Court deems just and proper.

## COUNT VI
### False Arrest pursuant to Missouri law
**(against Defendants Linhorst, Karnowski, Shaw, and Doe Defendants)**

78. Plaintiff incorporates all preceding paragraphs as if fully set forth in this Count.

79. As alleged above, Defendants Linhorst, Karnowski, Shaw, and Doe Defendants arrested David Whitt for lawfully engaging in constitutionally protected expressive activity. Defendant Linhorst prepared an incident report which gave the illusion that David Whitt was a danger to police officers and the crime scene and that there was probable cause to support the arrest when, in fact, there was not.

80. Defendants' seizure of Whitt was unreasonable and unlawful, and deprived Whitt of his right to be free from unreasonable seizure of his person in violation of the Fourth and Fourteenth Amendments to the United States Constitution and his right not to be retaliated against for exercising his First Amendment rights.

81. As a direct result of the Defendants' conduct described above, Plaintiff suffered damages through the loss of liberty.

82. Furthermore, Whitt now reasonably fears future interference with his right to record police, and retaliatory or unlawful arrest for recording police activity. It is not unlikely he will be arrested again for recording SLMPD activity because of his extensive participation in CopWatch, his reputation among SLMPD, and the pervasive custom and practice of SLMPD officers described more fully above and in Count V.

83. Defendants' actions described herein were intentional, wanton, malicious, and exhibited a reckless indifference to Plaintiff's clearly established constitutional rights.

WHEREFORE, Plaintiff Rodney Brown requests this Court:

A. Enter judgment in favor of Plaintiff and against the Defendants;

B. Award compensatory and punitive damages against the Individual Defendants; and

16

C.	Allow such other and further relief as the Court deems just and proper.

## COUNT VII
### Malicious Prosecution pursuant to Missouri law
### (against Defendants Linhorst, Karnowski, Shaw, and Baine)

84.	Plaintiff incorporates all preceding paragraphs as if fully set forth in this Count.

85.	Defendants instigated a quasi-criminal charge against David Whitt, with Defendants Linhorst, Karnowski and Shaw serving as the complaining witnesses identified in the charging Information, which initiated the municipal prosecution; Defendant Baine serving as the investigating detective that searched the contents of Whitt's camcorder and contributed to the application for search warrant; and Defendant City instigating proceedings against Whitt.

86.	Defendants undertook these actions knowingly and recklessly, and despite the fact that there was no probable cause that Whitt violated the City's ordinance.

87.	To the extent that Defendants claim they believed that the arrest and instigation of criminal charges against and prosecution of Whitt was supported by probable cause, Defendants' belief was objectively unreasonable, because there was no evidence that Whitt "purposefully or knowingly" interfered with police officers. Indeed, any such account is belied by video evidence in the Defendants' possession, custody, or control at the time the charge was filed.

88.	The charge was eventually resolved in Whitt's favor when the City dismissed the charges *nolle prosequi* and abandoned the charge.

89.	As a direct result of the Defendants' conduct described above, Plaintiff suffered damages through the loss of liberty.

90.	Furthermore, Whitt now reasonably fears future interference with his right to record police, and retaliatory or unlawful arrest for recording police activity. It is not unlikely he will be arrested again for recording SLMPD activity because of his extensive participation in CopWatch,

his reputation among SLMPD, and the pervasive custom and practice of SLMPD officers described more fully above and in Count V.

91. Defendants' actions described herein were intentional, wanton, malicious, and exhibited a reckless indifference to Plaintiff's clearly established constitutional rights.

WHEREFORE, Plaintiff David Whitt requests this Court:

A. Enter judgment in favor of Plaintiff and against the Defendants;

B. Award compensatory and punitive damages against Defendants Linhorst, Karnowski, Shaw, and Baine; and

C. Allow such other and further relief as the Court deems just and proper.

## COUNT VIII
### Unlawful Search in Violation of Article I, Section 15 of the Missouri Constitution
### (against Defendants Linhorst and Baine)

92. Plaintiff incorporates all preceding paragraphs as if fully set forth in this Count.

93. Plaintiff has a right under Article I, Section 15 of the Missouri Constitution to be free from unreasonable search and seizures.

94. As alleged above, Whitt's camera was seized and searched by Defendants after they arrested Whitt without probable cause.

95. In reliance on the statements provided by Defendants Linhorst and Baine, including a reckless and false claim that Whitt was interfering with a police investigation, a search warrant was issued and Whitt's camcorder was searched by police. Upon information and belief, SLMPD accessed footage taken by Whitt over multiple days—not just the day in question. Defendants Linhorst and Baine claimed to have been looking for evidence of Whitt's alleged interference, despite knowing that Whitt had not knowingly or purposefully interfered with a police investigation that day.

96. While in police custody, Whitt's camera was damaged.

18

97. In addition, Whitt was without his camera for approximately five months while it was held in police custody, despite the fact that it was not evidence of any crime.

98. Defendants' search, seizure, and damage to the camcorder were unlawful.

99. As a direct result of the Defendants' conduct described above, Defendants deprived Whitt of his property and he suffered damages through the loss of property.

100. Defendants' actions described herein were intentional, wanton, malicious, and exhibited a reckless indifference to Plaintiff's clearly established constitutional rights.

WHEREFORE, Plaintiff David Whitt requests this Court:

A. Enter judgment in favor of Plaintiff and against the Defendants;

B. Award compensatory and punitive damages against Defendants Linhorst and Baine; and

C. Allow such other and further relief as the Court deems just and proper.

Date: August 7, 2018                     Respectfully submitted,

By: /s/ Amy E. Breihan
Amy Breihan, #65499MO
Shaleen Morales, #70559MO
RODERICK & SOLANGE
MACARTHUR JUSTICE CENTER
3115 South Grand Blvd., Suite 300
St. Louis, MO 63118
Phone: (314) 254-8540
Fax: (314) 254-8547
amy.breihan@macarthurjustice.org
shaleen.morales@macarthurjustice.org