UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **DAVID WHITT,** | ) |
|     Plaintiff, | ) ) ) |
| v. | ) )    Case No. 4:18-CV-01294 |
| **CITY OF ST. LOUIS, et al.,** | ) ) ) |
|     Defendant. | ) |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNT II
BY DEFENDANTS LINHORST, KARNOWSKI, AND SHAW**

COME NOW Defendants Officer Ryan J. Linhorst, Sergeant Matthew T. Karnowski, and Officer Matthew A. Shaw ("Defendants"), and in support of their Motion to Dismiss Count II for Failure to State a Claim, state as follows:

**INTRODUCTION**

Plaintiff David Whitt ("Plaintiff") has filed an eight-count complaint against the City of St. Louis, Officer Ryan J. Linhorst, Sergeant Matthew T. Karnowski, Officer Matthew A. Shaw, Detective Bobby D. Baine, and three John Doe defendants. Plaintiff alleges he was arrested and prosecuted in August 2016 for filming City of St. Louis Police officers at a crime scene. He asserts claims pursuant to 42 U.S.C. § 1983 and Missouri state law.

In Count II, Plaintiff alleges a malicious prosecution claim pursuant to 42 U.S.C. § 1983 against Defendants Linhorst, Karnowski, Shaw, and Baine (collectively "Defendants"). Count II fails to state a claim because allegations of malicious prosecution against officers premised upon a lack of probable cause cannot alone sustain a civil rights claim under § 1983. For this reason, Plaintiff's Count II fails to state a claim upon which relief can be granted and should be dismissed.

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Although the pleading standard is liberal, the plaintiff must allege facts—not mere legal conclusions—that, if true, would support the existence of the claimed torts." *Moses.com Securities v. Comprehensive Software Systems, Inc.*, 406 F.3d. 1052, 1062 (8th Cir. 2005) (citing *Schaller Tel. Co. v. Golden Sky Systems*, 298 F.3d. 736, 740 (8th Cir. 2002)).

While a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. *Twombly*, 550 U.S. at 545. "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' to defeat a motion to dismiss." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

**ARGUMENT**

The Eighth Circuit has repeatedly held that allegations of malicious prosecution against officers premised upon a lack of probable cause cannot alone sustain a civil rights claim under § 1983. *Joseph v. Allen*, 712 F.3d 1222, 1228 (8th Cir. 2013) (citing *Kurtz v. Shrewsbury*, 245 F.3d 753 (8th Cir. 2001)). As a threshold matter in any §1983 suit . . . "it is necessary to isolate the precise constitutional violation with which [defendant] is charged." *Baker v. McCollan*, 443 U. S. 137, 140 (1979) (internal quotations omitted). Thus, malicious prosecution can form the basis for a § 1983 action only if the defendants' conduct also infringes some provision of the Constitution or federal law. *Gunderson v. Schlueter*, 904 F.2d 407, 409 (8th Cir. 1990). *See also*

*McNees v. City of Mountain Home*, 993 F.2d 1359, 1361 (8th Cir. 1993); *Kohl v. Casson*, 5 F.3d 1141, 1145 (8th Cir. 1993).

### a. Count II fails to state a claim for malicious prosecution pursuant to 42 U.S.C. § 1983 because a civil rights claim under § 1983 cannot alone be premised upon a lack of probable cause.

In Count II Plaintiff asserts a malicious prosecution claim pursuant to 42 U.S.C. § 1983 against Defendants Linhorst, Karnowski, Shaw, and Baine.  Plaintiff alleges Defendants Linhorst, Karnowski and Shaw initiated a municipal prosecution against him, and that Defendant Baine searched the contents of his camcorder and contributed to the application for a search warrant.  Pl. Compl. ¶ 48.  Plaintiff alleges that the Defendants undertook these actions "despite the fact that there was no probable cause that Whitt violated the City's ordinance."  Pl. Compl. ¶ 49.

Plaintiff's claims in Count II fail to identify a provision of the Constitution or federal law that Baine's conduct allegedly infringed.  *Gunderson*, 904 F.2d at 409.  Moreover, Plaintiff's allegation that he lacked probable cause to initiate a prosecution is not enough to give rise to a substantive due process claim.  *See Albright v. Oliver*, 510 U.S. 266 (1994); *Baker v. McCollan*, 443 U.S. 137, 145 (1979) (the Constitution does not guarantee that criminal charges will be filed only against the guilty).  In addition, Plaintiff does not allege he was deprived of procedural due process.  In fact, there are no factual allegations in Plaintiff's Complaint to support an inference that Plaintiff was accorded less process than he was due under the Constitution.

An allegation of malicious prosecution premised upon a lack of probable cause without more cannot sustain a civil rights claim under § 1983.  *Joseph*, 712 F.3d at 1228; *Kurtz*, 245 F.3d at 758.  Here, Plaintiff fails to identify a provision of the Constitution or federal law upon which Baine's conduct infringed.  *Gunderson*, 904 F.2d at 409.  Therefore, pursuant to *Joseph* and

3

*Kurtz*, Plaintiff's claim of malicious prosecution cannot sustain a valid claim under § 1983 and Count II should be dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

Plaintiff's allegations of malicious prosecution against Defendants Linhorst, Karnowski, and Shaw premised upon a lack of probable cause cannot without more sustain a civil rights claim under § 1983. *Joseph*, 712 F.3d at 1228. Therefore, taking Plaintiff's well-pleaded allegations against Defendants Linhorst, Karnowski, and Shaw as true, and construing those allegations in a light most favorable to Plaintiff, Plaintiff fails to sufficiently allege facts entitling Plaintiff to relief. *Kottschade v. City of Rochester,* 319 F.3d 1038, 1040 (8th Cir. 2003). Consequently, Plaintiff's claims in Count II against Defendants Linhorst, Karnowski, and Shaw should be dismissed pursuant to Rule 12(b)(6).

WHEREFORE, Defendants Linhorst, Karnowski, and Shaw pray the Court grant their Motion to Dismiss for Failure to State a Claim with prejudice, and for any further relief the Court deems just and reasonable.

Respectfully Submitted,

JULIAN BUSH
CITY COUNSELOR

By: /s/ Abby Duncan
Abby Duncan #67766MO
Erin K. McGowan #64020MO
1200 Market Street, Room 314
City Hall
St. Louis, Mo  63103
(314) 622-4694
(314) 622-4956 fax
DuncanA@stlouis-mo.gov
McGowanE@stlouis-mo.gov
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

     I hereby certify the foregoing was electronically filed on September 14, 2018 with the Court for service by means of Notice of Electronic Filing upon all attorneys of record.

                                                          /s/ Abby Duncan