## Affidavit

Introduction

I, Ryan Linhorst, DSN 7175/305, being duly sworn, deposes the following to wit:

That I am a Police Officer with the Saint Louis Metropolitan Police Department and have been so employed since 2006. I am presently assigned to the 5th District, A-Platoon, of the North Patrol Division.

On August 8, 2016, I was in the 5000 block of Wells relative to an investigation involving a stolen vehicle. While on the scene, David Whitt interfered with our Tampering 1st investigation. While interfering, David Whitt was operating and filming, thus documenting, his interfering with the aforementioned video recording device he was in possession of. Based on information obtained throughout this investigation there is probable cause to believe that the above listed video camera contains evidence that David Whitt interfered with a police officer in the performance of their duty.

This affidavit is divided into two parts. The first section explains the evidence expected to be located on the video camera, as well as, the probable cause to believe such evidence exists. The second section explains the procedures for searching and seizing electronic evidence.

Prior to the preparation of this affidavit, I spoke with Detective Bobby D. Baine, DSN 5134/433, regarding the seizure of the video camera that likely documented the Interfering with a Police Officer in the Performance of their Duty investigation.

Detective Baine has been trained in procedures for the proper acquisition and examination of a variety of storage devices for digital data. Detective Baine provided consultation on the following section regarding the subsequent acquisition and examination of the data located on the suspect's video recording device. Detective Baine will further be utilized as needed in the resulting search and seizure of any digital data.

I. Evidence believed to be located on computer systems

David Whitt's actions, which interfered with our investigation while filming using his handheld camera. The camera was seized after he was placed under arrest, in order to obtain the footage that I believe documents our repeated orders for him to back up to the established a distance believed to be safe by officers on the scene.

II. Search, Seizure and Analysis of Computers

In this case, we have already seized the camera relevant to the investigation. It includes Panasonic High Definition camera Model HC-V770 bearing serial # DN5HB001375 belonging to David Whitt.

*Definitions*

As used in this affidavit and in the search warrant, the terms "record" or "records" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any electrical, electronic or magnetic form (such as any information on a "computer system" and other devices more fully described below, or on any other electronic or magnetic storage device, including hard disks, CD-ROMs, optical disks, printer buffers, as well as printouts or readouts from any magnetic storage device); any handmade form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form.

- Computer systems can include but are not limited to:
  (1) Central Processing Units and associated data transmission systems, including cables, radio frequency devices (RF), and infra-red devices (IF).
  (2) Input devices including but not limited to: (a) Digital Tape Drives, (b) Compact Disk Read Only Memory (CD-ROM), and writable Compact Disk Drives (W-CD, CD-R, CD-RW), or magneto-optical drives or optical drives, (c) Digital Versatile Disks (DVDs).
  (3) Output devices, including, but not limited to: (a) a computer printer, (b) Monitor, (c) a 3.5 floppy disk drive and/or disk, (d) a Writable Compact Disk and/or Digital Versatile Disks, (e) or any other writeable media

- Computer Data Storage and Retrieval Devices and Media (which can, depending upon device, serve as an input and/or output device) including but not limited to: (1) diskettes, (2) CD-ROMs, W-CD, CD-R, CD-RW, DVDs, or BluRay Disks (BD) (3) magneto-optical drives or optical drives, (4) flash memory devices such as Universal Serial Bus, USB, drives, SD Cards, Micro SD Cards, (5) any other writeable media

- Computer System Documentation would include but is not limited to: (1) Operating System and Application programming disks, CD-ROMs, etc.; (2) Programming and Applications manuals, books or brochures; (3) Internet Service Provider programming or user manuals, books or brochures; (4) Computer access codes, passwords, data security devices and/or protocols whether stored or recorded electronically on diskette, etc., or non-electronically on paper, in a book, etc.

Seizure of Video Cameras and Storage Devices

Based upon your affiant's knowledge, training and experience, affiant knows that searching and seizing information from computers often requires agents to seize most or all electronic storage devices (along with related peripherals) to be searched later by a qualified computer expert in a laboratory or other controlled environment. This is true because:

(1) The Volume of Evidence: Computer Storage devices can store the equivalent of millions of individual pieces of information. Additionally, a suspect may try to conceal criminal evidence; he or she might store it in random order with deceptive file names. This may require searching authorities to examine all the stored data to determine which particular files are evidence or instrumentalities of crime. This sorting process can take weeks or months, depending on the volume of data stored, and it would be impractical and invasive to attempt this kind of data search on-site.

(2) Technical Requirements: Searching computer systems for criminal evidence is a highly technical process requiring expert skill and a properly controlled environment. The vast array of computer hardware and software available requires even computer experts to specialize in some systems and applications, so it is difficult to know before a search which expert is qualified to analyze the system and its data. In any event, however, data search protocols are exacting scientific procedures designed to protect the integrity of the evidence and to recover even "hidden," erased, compressed, password-protected, or encrypted files. Because computer evidence is vulnerable to inadvertent or intentional modification or destruction (from external sources or from destructive code imbedded in the system as a "booby trap"), a controlled environment may be necessary to complete an accurate analysis. Further, such searches often require the seizure of most or all of a computer system's input/output peripheral devices, related software, documentation, and data security devices (including passwords) so that a qualified computer expert can accurately retrieve the system's data in a laboratory or other controlled environment.

*Searching Computer Systems and*

Searching a computer system for the evidence described above may require a range of data analysis techniques. In some cases, it is possible for agents to conduct carefully targeted searches that can locate evidence without requiring a time-consuming manual search through unrelated materials that may be commingled with criminal evidence. For example, agents may be able to execute a "keyword" search that searches through the files stored in a computer for special words that are likely to appear only in the materials covered in the warrant. Similarly, agents may be able to locate the materials covered in the warrant by looking for a particular directory or file name. In other cases, however, such techniques may not yield the evidence described in the warrant. Criminals can mislabel or hide files and directories; encode communications to avoid using key words; attempt to delete files to evade detection; and take other steps designed to frustrate law enforcement searches for information. These steps may require agents to conduct more extensive searches, such as scanning areas of the disk not allocated to listed files, or opening every file and scanning its contents briefly to determine whether it falls within the scope of the warrant. In light of these difficulties, this affiant requests permission to use whatever data analysis techniques appear necessary to locate and retrieve the evidence described herein.

Conclusion

Based on the foregoing information, a search warrant is necessary to obtain additional evidence involving the film documenting David Whitt interfering with our investigation. Due to the statements and evidence procured during the herein described investigation, probable cause exists to believe that the video camera listed in the search warrant documented his interference with the aforementioned tampering investigation. Therefore, this warrant seeks to search and seize these records as they may be found on the described media.

Wherefore complainant prays that a search warrant be issued as provided by law.

_____
Officer Ryan Linhorst DSN 7175

Subscribed and sworn to me this ninth day of August, 2016 at __9:02__ AM/PM

_____
Judge

STATE OF MISSOURI   )
                            )SS
CITY OF ST. LOUIS    )

## IN THE CIRCUIT COURT FOR THE CITY OF ST. LOUIS
## STATE OF MISSOURI

I, <u>Officer Ryan Linhorst</u>, being duly sworn, depose and state upon information and belief, or personal belief that the following described property, to wit: to seize, search and analyze all digital data stored within a Panasonic High Definition camera Model HC-V770 bearing serial  # DN5HB001375 belonging to David Whitt to include any and all electronic data processing and storage devices, internal peripheral storage devices such as fixed discs, external hard discs, floppy discs and diskettes or other memory storage devices, and any and all evidence in whatever form it may be found relating to Interfering with a Police Officer in the Performance of their Duty;

Believed to be evidence of, or to have been used in the commission of, the ordinance violation of: to Interfering with a Police Officer in the Performance of their Duty;

Is now being held and kept at the following place in the said City and State, to wit: 4014 North Union;

That the basis of the affiant's information and belief is contained in the attached affidavits of witnesses to facts concerning the said matter which affidavits are made a part hereof and are submitted herewith as a basis upon which this court may find the existence of probable cause for the issuance of said warrant.

Wherefore complainant prays that a search warrant be issued as provided by law.

_____       _____
Asst. Circuit Attorney                   Officer

Subscribed and sworn to before me this ____ day of __August__, 2016 at ____

_____
Judge

STATE OF MISSOURI  )
                                  )SS
CITY OF ST. LOUIS    )

IN THE CIRCUIT COURT CITY OF ST. LOUIS, STATE OF MISSOURI

THE STATE OF MISSOURI TO ANY PEACE OFFICER IN THE STATE OF MISSOURI:

Whereas, a complaint in writing, duly verified by oath, has been filed with the undersigned Judge of this court, stating upon information and belief, and personal belief, that the following property, to-wit: to seize, search and analyze all digital data stored within a Panasonic High Definition camera Model HC-V770 bearing serial # DN5HB001375 belonging to David Whitt to include any and all electronic data processing and storage devices, internal peripheral storage devices such as fixed discs, external hard discs, floppy discs and diskettes or other memory storage devices, and any and all evidence in whatever form it may be found relating to Interfering with a Police Officer in the Performance of their Duty;

Believed to be evidence of, or to have been used in the commission of, the ordinance violation of;

Is now being held and kept at the following place in the said City and State, to wit: 4014 North Union; and

Whereas, the Judge of this Court from the sworn allegations of said complaint and from the supporting written affidavits filed herewith has found that there is probable cause to believe that allegations of the complaint to be true and probable cause for the issuance of a search warrant therein;

Now, therefore, these are to command you that you search the said premises above described within 10 days after the issuance of this warrant by day or night, and take with you, if need be, the power of your city, and if said above described property or any part thereof be found on said premises by you, that you seize the same and take same into your possession, making a complete and accurate inventory of the property so taken by you in the presence of the person from whose possession the same is taken, if that be possible, and giving to such person, a receipt for such property, together with a copy of this warrant, or, if no person be found in possession of said property, leaving said receipt and said copy upon the premises searched, and that you thereafter return the property so taken and seized by you, together with a duly verified copy of the inventory thereof and with your return to this Court to be herein dealt with in accordance with law.

Witnessed my hand and seal of this Court on this __11th__ day of __August__, __2014__

_____
Judge