## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **DAVID WHITT,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:18-CV-01294 |
| | ) |
| **CITY OF ST. LOUIS, et al.,** | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT LINHORST'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW Defendant Officer Ryan J. Linhorst ("Defendant"), by and through his attorney, and hereby denies everything not specifically admitted, and in particular states the following for his Answer to Plaintiff's Amended Complaint:

### INTRODUCTION

1. In response to ¶ 1, Defendant admits only that Plaintiff's Amended Complaint purports to assert claims pursuant to 42 U.S.C. § 1983 and Missouri state law but otherwise denies any genuine, valid or legitimate claim for damages or injunctive relief as stated or alleged in ¶ 1 or in the Amended Complaint.

2. Defendant admits only that Plaintiff was charged with unlawful interference with a police officer in violation of Section 15.10.010 of the City of St. Louis Revised Code in connection with his conduct at a crime scene on August 8, 2016. Defendant further admits that Plaintiff's charge was dismissed by *nolle prosequi*. Defendant otherwise denies the remaining allegations in ¶ 2.

### PARTIES

3. Defendant lacks sufficient information to admit or deny the allegations in ¶ 3.

4. Defendant admits only that the City of St. Louis ("City") is a constitutional charter city created and organized pursuant to the Missouri Constitution and the laws of the State of Missouri. Defendant further admits that the City oversees various agencies and departments, including the City of St. Louis Police

1

Department ("Police Department").  Defendant otherwise denies the allegations in ¶ 4.

5. Defendant admits only that Ryan Linhorst ("Linhorst") was an employee of the St. Louis Police Department on August 8, 2016.  Defendant further admits that Linhorst assisted with Plaintiff's arrest on August 8, 2016, at 5048 Wells Avenue, and wrote the incident report related to Plaintiff's arrest.  Defendant otherwise denies the remaining allegations in ¶ 5.

6. Defendant admits only that Matthew Karnowski ("Karnowski") was an employee of the St. Louis Police Department on August 8, 2016.  Defendant further admits that Karnowski assisted with Plaintiff's arrest on August 8, 2016, at 5048 Wells Avenue.  Defendant otherwise denies the remaining allegations in ¶ 6.

7. Defendant admits only that Matthew Shaw ("Shaw") was an employee of the St. Louis Police Department on August 8, 2016.  Defendant further admits that Shaw assisted with Plaintiff's arrest on August 8, 2016, at 5048 Wells Avenue. Defendant otherwise denies the remaining allegations in ¶ 7.

8. Defendant admits only that Bobby Baine ("Baine") was an employee of the St. Louis Police Department on August 8, 2016.  Defendant further admits that Baine assisted with the investigation of Whitt.  Defendant otherwise denies the remaining allegations in ¶ 8.

9. Defendant lacks sufficient information to admit or deny the allegations in ¶ 9.

10. Defendant admits Linhorst, Karnowski, Shaw, and Baine ("SLMPD Defendants") were acting under color of law and within the scope of their employment with the City on August 8, 2016.  Defendant further admits that Plaintiff's Amended Complaint purports to assert a claim against SLMPD Defendants in their individual capacities.  Defendant otherwise denies the remaining allegations in ¶ 10.

## JURISDICTION AND VENUE

11. In response to ¶ 11, Defendant admits only that Plaintiff invokes the jurisdiction of the Court but otherwise denies any genuine, valid or legitimate claim for damages as stated or alleged in Plaintiff's Amended Complaint.

12. In response to ¶ 12, Defendant admits only that Plaintiff invokes the jurisdiction of the Court but otherwise denies any genuine, valid or legitimate claim for damages as stated or alleged in Plaintiff's Amended Complaint.

## FACTS

13. Defendant lacks sufficient information to admit or deny the allegations in ¶ 13.
14. Defendant lacks sufficient information to admit or deny the allegations in ¶ 14.
15. Defendant lacks sufficient information to admit or deny the allegations in ¶ 15.
16. Defendant lacks sufficient information to admit or deny the allegations in ¶ 16.
17. Defendant lacks sufficient information to admit or deny the allegations in ¶ 17.
18. Defendant lacks sufficient information to admit or deny the allegations in ¶ 18.
19. Defendant denies the allegations in ¶ 19.

*David Whitt's Arrest*

20. Defendant lacks sufficient information to admit or deny the allegations in ¶ 20.
21. Defendant denies the allegations in ¶ 21.
22. Defendant lacks sufficient information to admit or deny the allegations in ¶ 22.
23. Defendant lacks sufficient information to admit or deny the allegations in ¶ 23.
24. Defendant denies the allegations in ¶ 24.
25. Defendant denies the allegations in ¶ 25:
    a. Defendant denies the allegations in ¶ 25(a).
    b. Defendant denies the allegations in ¶ 25(b).
    c. Defendant denies the allegations in ¶ 25(c).

*Search and Seizure of Whitt's Camcorder*

26. In response to ¶ 26, Defendant admits only that Plaintiff was arrested and detained on August 8, 2016 for interfering with a police officer.  Defendant further admits Plaintiff was charged with interfering with a police officer on October 6, 2016.  Defendant denies all remaining allegations in ¶ 26.
27. In response to ¶ 27, Defendant admits only that Plaintiff's camcorder was returned on/about January 4, 2017.  Defendant denies all remaining allegations in ¶ 27.
28. Defendant denies the allegations in ¶ 28.

29. Exhibit A and its contents speak for itself and do not require a response.  To the extent an answer is required, Defendant denies ¶ 29.

30. Defendant admits only that a warrant was issued on/about August 11, 2016; Defendant otherwise denies the allegations in ¶ 30.

31. Defendant denies the allegations in ¶ 31.

32. Defendant admits only that Section 15.10.010 of the City Code speaks for itself. Defendant otherwise denies the allegations in ¶ 32.

33. Defendant denies the allegations in ¶ 33.

34. Defendant denies the allegations in ¶ 34.

35. Defendant denies the allegations in ¶ 35.

36. Defendant admits only that Plaintiff's camcorder was returned on/about January 4, 2017.  Defendant otherwise denies the allegations in ¶ 36.

37. Defendant denies the allegations in ¶ 37.

38. Defendant admits only that Plaintiff's municipal charge was dismissed by *nolle prosequi* on May 23, 2017.  Defendant otherwise denies the allegations in ¶ 38.

39. Defendant lacks sufficient information to admit or deny the allegations in ¶ 39.

40. Defendant denies the allegations in ¶ 40.
    a. Defendant denies the allegations in ¶ 40(a).
    b. Defendant denies the allegations in ¶ 40(b).
    c. Defendant denies the allegations in ¶ 40(c).
    d. Defendant denies the allegations in ¶ 40(d).
    e. Defendant denies the allegations in ¶ 40(e).

41. Defendant admits that the City was a named defendant in the lawsuit styled *Ahmad, et al. v. City of St. Louis, Missouri*, No. 4:17-cv-2455. Defendant further admits that on November 15, 2017 District Court Judge Catherine Perry issued a Memorandum and Order of Preliminary Injunction (ECF Doc. 57) and an Order of Preliminary Injunction (ECF Doc. 58) and that those documents speak for themselves. Unless expressly admitted herein, Defendant otherwise denies the allegations in ¶ 41.

42. Defendant denies the allegations in ¶ 42.

## CLAIMS FOR RELIEF

## COUNT I

43. Defendant incorporates all preceding paragraphs as if fully set forth in this Count.

44. Defendant denies the allegations in ¶ 44.

45. Defendant denies the allegations in ¶ 45.

46. Defendant denies the allegations in ¶ 46.

47. Defendant denies the allegations in ¶ 47.

48.  Defendant denies the allegations in ¶ 48.

## COUNT II

*On October 16, 2018, Defendant filed his Motion to Dismiss Count II for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).  If the allegations of Count II, including ¶¶ 49-56, are ever construed to state a claim against Defendant, Defendant denies the allegations in paragraphs ¶¶ 49-56.*

## COUNT III

57. Defendant incorporates all preceding paragraphs as if fully set forth in this Count.

58. Paragraph 58 states a legal conclusion that Defendant need not admit or deny.  To the extent an answer is required, Defendant admits that under some circumstances citizens may observe on-duty police activity.  Defendant otherwise denies the averments in ¶ 58.

59. Defendant denies the allegations in ¶ 59.

60. Defendant denies the allegations in ¶ 60.

61. Defendant denies the allegations in ¶ 61.

62. Defendant denies the allegations in ¶ 62.

63. Defendant denies the allegations in ¶ 63.

64. Defendant denies the allegations in ¶ 64.

65. Defendant denies the allegations in ¶ 65.

## COUNT IV

66. Defendant incorporates all preceding paragraphs as if fully set forth in this Count.

67. Defendant admits only that the Fourth Amendment speaks for itself.  Defendant otherwise denies the allegations in ¶ 67.

68. Defendant denies the allegations in ¶ 68.

69. Defendant denies the allegations in ¶ 69.

70. Defendant denies the allegations in ¶ 70.

71. Defendant denies the allegations in ¶ 71.

72. Defendant denies the allegations in ¶ 72.

73. Defendant denies the allegations in ¶ 73.

74. Defendant denies the allegations in ¶ 74.

## COUNT V

*The allegations in Count V are directed to Defendant City of St. Louis, and are not directed to this Defendant.  If the allegations of Count V, including ¶¶ 75-79, are ever construed to state a claim against this Defendant, Defendant denies the allegations in ¶¶ 75-79.*

## COUNT VI

80. Defendant incorporates all preceding paragraphs as if fully set forth in this Count.

81. Defendant denies the allegations in ¶ 81.

82. Defendant denies the allegations in ¶ 82.

83. Defendant denies the allegations in ¶ 83.

84. Defendant denies the allegations in ¶ 84.

85. Defendant denies the allegations in ¶ 85.

## COUNT VII

86. Defendant incorporates all preceding paragraphs as if fully set forth in this Count.

87. Defendant admits only that Plaintiff was charged with unlawful interference with a police officer in violation of Section 15.10.010 of the City of St. Louis Revised Code in connection with his conduct at a crime scene on August 8, 2016. Defendant Linhorst served as the complaining witness identified in the charging Information.  Defendant otherwise denies the allegations in ¶ 87.

88. Defendant denies the allegations in ¶ 88.

89. Defendant denies the allegations in ¶ 89.

90. Defendant admits only that Plaintiff's municipal charge was dismissed by *nolle prosequi* on May 23, 2017.  Defendant otherwise denies the allegations in ¶ 90.

91. Defendant denies the allegations in ¶ 91.

92. Defendant denies the allegations in ¶ 92.

93. Defendant denies the allegations in ¶ 93.

## COUNT VIII

*On October 16, 2018, Defendant filed his Motion to Dismiss Count VIII for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). If the allegations of Count VIII, including ¶¶ 94-102, are ever construed to state a claim against Defendant, Defendant denies the allegations in paragraphs ¶¶ 94-102.*

## AFFIRMATIVE DEFENSES

For further answer and defense, Defendant affirmatively defends based on the following:

1. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted because arguable probable cause existed for Plaintiff's arrest on August 8, 2016.

2. Plaintiff's Amended Complaint is barred by the doctrine of qualified immunity because Defendant's conduct did not violate clearly established statutory or constitutional rights of Plaintiff.

3. Defendant is immune from liability for Plaintiff's state law claims under the Official Immunity and Public Duty doctrines.

4. Plaintiff's state law claims are barred by the applicable statue of limitations.

5. Plaintiff's claims are barred by the doctrines of collateral estoppel and res judicata.

6. Defendant hereby reserves the right to assert any affirmative defense to Plaintiff's Amended Complaint that may arise pursuant to discovery and throughout the course of litigation of Plaintiff's claims.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Defendant prays an Order from the Court dismissing him from suit with prejudice, together with an award of Defendant's taxable court costs and reasonable attorney's fees expended herein, and for such further and other relief that the Court deems fair and equitable under the premises.

Respectfully Submitted,

JULIAN BUSH
CITY COUNSELOR

By: /s/ Abby Duncan
Abby Duncan #67766MO
Erin K. McGowan #64020MO
1200 Market Street, Room 314
City Hall
St. Louis, Mo  63103
(314) 622-4694
(314) 622-4956 fax
DuncanA@stlouis-mo.gov
McGowanE@stlouis-mo.gov
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

    I hereby certify this Answer to Plaintiff's Amended Complaint was electronically filed on October 16, 2018 with the Court for service by means of Notice of Electronic Filing upon all attorneys of record.

/s/ Abby Duncan
