UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID WHITT, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:18-CV-01294 |
| | ) |
| CITY OF ST. LOUIS, et al., | ) |
| | ) |
|    Defendant. | ) |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNT V
BY THE CITY OF ST. LOUIS**

COMES NOW Defendant City of St. Louis ("City") and, in support of its Motion to Dismiss Count V, states as follows:

**INTRODUCTION**

Plaintiff David Whitt ("Plaintiff") has filed an eight-count complaint against the City of St. Louis, Officer Ryan J. Linhorst, Sergeant Matthew T. Karnowski, Officer Matthew A. Shaw, Detective Bobby D. Baine, and three John Doe defendants. Plaintiff alleges he was arrested and prosecuted in August 2016 for filming St. Louis Metropolitan Police officers at a crime scene. He asserts claims pursuant to 42 U.S.C. § 1983 and Missouri state law.

In Count V of his Amended Complaint, Plaintiff makes a vague allegation that the City of St. Louis has an unconstitutional policy, custom or practice of falsely arresting people for filming police activity in public, enforcing City ordinances for retaliatory purposes, and pursuing baseless municipal prosecutions. Pl. Am. Compl. ¶ 76.

Plaintiff's allegations in Count V are factually insufficient and conclusory, and fail to state a claim against the City for an unconstitutional municipal custom or practice that is plausible on its face. Therefore, Count V should be dismissed pursuant Rule 12(b)(6).

1

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Although the pleading standard is liberal, the plaintiff must allege facts—not mere legal conclusions—that, if true, would support the existence of the claimed torts." *Moses.com Securities v. Comprehensive Software Systems, Inc.*, 406 F.3d. 1052, 1062 (8th Cir. 2005) (citing *Schaller Tel. Co. v. Golden Sky Systems*, 298 F.3d. 736, 740 (8th Cir. 2002)).

While a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. *Twombly*, 550 U.S. at 545.  "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' to defeat a motion to dismiss." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

**ARGUMENT**

"The Supreme Court has set a high bar for establishing municipal liability under § 1983, and demands careful analysis from district courts, to avoid any risk that liability could be imposed under a theory of respondeat superior." *Soltesz v. Rushmore Plaza Civic Ctr.*, 847 F.3d 941, 947 (8th Cir. 2017) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)).

The first inquiry "in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).  A plaintiff seeking to impose liability on a municipality is required to identify either an official policy or a

widespread custom or practice that was the moving force behind the plaintiff's constitutional injury.  *See Brown*, 520 U.S. at 403; *Crawford v. Van Buren County, Ark.*, 678 F.3d 666, 669 (8th Cir. 2012).  An official policy represents the decisions of a municipality's legislative body, or of an official who maintains the final authority to establish governmental policy.  *Brown*, 520 U.S. at 403; *Ware v. Jackson County, Mo.*, 150 F.3d 873, 880 (8th Cir. 1998).  For a municipality to be held liable on the basis of custom, "there must have been a pattern of 'persistent and widespread' unconstitutional practices which became so 'permanent and well settled' as to have the effect and force of law."  *Jane Doe "A" v. Special School Dist.*, 901 F.2d 642, 646 (8th Cir. 1990); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978).

In order to state a claim for municipal liability based on a policy, custom or practice, Plaintiff is required to allege facts "by which one could begin to draw an inference that the conduct complained of . . . resulted from an unconstitutional policy or custom."  *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (citing *Doe v. Sch. Dist. of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003)).

> [T]o establish the existence of a governmental custom or failure to receive, investigate, or act on complaints of violations of constitutional rights, a plaintiff must prove: 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Special School Dist.*, 901 F.2d at 646.

3

### a. Count V fails to allege facts tending to show that the City had a widespread custom or practice that caused his alleged constitutional injury.

Here, Plaintiff's Amended Complaint fails to plead sufficient facts to state a claim against the City for an unconstitutional municipal custom or practice that is plausible on its face.

Count V merely alleges in vague terms that the City has a policy, custom or practice of "falsely arresting people for filming police activity in public, and without probable cause, in violation of the First and Fourth Amendments;" "enforcing City ordinances in a manner which infringes free expression and as an improper means for retaliating against protected expression, in violation of the First Amendment;" and "pursuing baseless municipal prosecutions without probable cause."  Pl. Am. Compl. ¶ 76.  These allegations are factually insufficient, and Plaintiff's Amended Complaint is devoid of facts tending to show that a widespread custom or practice was the "moving force" behind his arrest.  *Board of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 403 (1997).

A city may be subject to § 1983 liability only if it had a policy or custom of failing to act upon **prior similar complaints** of unconstitutional conduct.  *Andrews v. Fowler*, 98 F.3d 1069, 1074-75 (8th Cir. 1996) (emphasis added).  There must exist a prior pattern of unconstitutional conduct that is so "persistent and widespread" as to have the effect and force of law.  *Id.* at 1075. Plaintiff points to the *Ahmad* case, *Ahmad v. City of St. Louis, Missouri*, No. 4:17-CV-2455 CDP, 2017 WL 5478410 (E.D. Mo. Nov. 15, 2017), in a failed attempt to show the City Police Department has a widespread custom or practice of retaliating against those who film police activity.

*Ahmad*, a temporary injunction case, is irrelevant to show widespread custom or practice of retaliation because the events in *Ahmad* occurred subsequent to Plaintiff's allegations.  The events in *Ahmad* occurred in September 2017.  *Ahmad*, 2017 U.S. Dist. LEXIS 188478, at *2.

The events at issue in Plaintiff's Amended Complaint occurred in August 2016.  *See* Pl. Am. Compl. ¶ 2.  Because the events in *Ahmad* occurred nearly a year after the allegations in Plaintiff's Amended Complaint, the *Ahmad* holding is irrelevant and cannot be used to show that widespread unconstitutional customs or practices existed during the time of Plaintiff's allegations.  Plaintiff fails to allege any prior complaint of unconstitutional conduct; therefore, Plaintiff cannot show that said conduct was so persistent and widespread as to have the effect and force of law at the time of Plaintiff's allegations, and Count V should be dismissed.  *See Andrews*, 98 F.3d at 1074-75.

Moreover, even if the events in *Ahmad* had occurred prior to Plaintiff's allegations, the factual circumstances in *Ahmad* are distinguishable.  *Ahmad* pertains narrowly to events on September 15-17, 2017, where protests erupted in the City in response to the Stockley verdict.  *Ahmad*, 2017 U.S. Dist. LEXIS 188478, at *2-3.  The allegations in Plaintiff's Amended Complaint pertain to filming police conduct at a crime scene.  *See* Pl. Am. Compl. ¶ 23.  Because the situations are factually distinguishable, their complaints cannot be said to be similar; therefore, an unconstitutional custom or practice cannot be shown, and Count V should be dismissed.  *See Andrews*, 98 F.3d at 1074-75.

Next, Plaintiff fails to identify the speech, expression or conduct against which the City Police Department allegedly retaliates on an ongoing and widespread basis.  *See Baribeau v. City of Minneapolis*, 596 F.3d 465, 481 (8th Cir. 2010) (internal citations omitted) (stating that in the context of a First Amendment retaliatory arrest claim a plaintiff must plead facts establishing a causal connection between a defendant's retaliatory animus and the subsequent injury, and a plaintiff must show the officers' "retaliatory motive was a 'but-for' cause of the arrest").  Additionally, Plaintiff has not pled facts establishing that a widespread custom or practice was

5

the "moving force" behind his arrest on August 8, 2016. *Bd. of County Comm'rs of Bryan County, Okla.*, 520 U.S. at 403.

Hence, the allegations in Count V fail to state a claim for relief that is plausible on its face; therefore, Count V should be dismissed. *Twombly*, 550 U.S. at 570. *Iqbal*, 556 U.S. at 678.

**b. Plaintiff fails to allege facts sufficient to state a claim that the City had an unconstitutional official policy.**

Plaintiff also fails to plead facts identifying an official policy that directly caused his arrest. *Harris*, 489 U.S. at 385. An official policy involves "a deliberate choice to follow a course of action made from among various alternatives by an official who is determined by state law to have the final authority to establish governmental policy." *Ware v. Jackson Cty., Mo.*, 150 F.3d 873, 880 (8th Cir. 1998). A policy may take the form of a policy statement, local ordinance, regulation, or decision officially adopted and promulgated by a local government's officers. *Monell*, 436 U.S. at 690.

Here, Plaintiff has failed to plead facts tending to show that a City policymaker with final authority officially adopted and promulgated a policy statement or decision directing officers to falsely arrest individuals who film police activity. *See* Pl. Am. Compl. ¶ 76. In fact, to the contrary, Plaintiff's Amended Complaint cites Police Department Special Order 1-06, which explicitly recognizes that individuals have an "unambiguous First Amendment right to record officers in public places . . ." Pl. Am. Compl. ¶ 42.

Plaintiff has likewise failed to plead facts tending to show that a City policymaker with final authority adopted a policy directing officers to retaliate against protected expression or pursue baseless municipal prosecutions for retaliatory purposes. *See* Pl. Am. Compl. ¶ 76. As such, Plaintiff's claim that the City had an unconstitutional official policy fails to state a claim to relief that is plausible on its face and should be dismissed. *Twombly*, 550 U.S. at 570.

### c. Plaintiff fails to allege facts sufficient to state a claim under post-incident ratification theory.

In Count V Plaintiff also purports to assert a claim for post-incident ratification. Pl. Am. Compl. ¶ 78. Plaintiff asserts that "by its actions the City has ratified the unlawful conduct of the Individual Defendants herein." *Id*.

A final policymaker ratifies the decision of a subordinate when he or she takes an affirmative act to approve both the decision and the basis for the decision. *Soltesz*, 847 F.3d at 947 (citing *St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)). "Accordingly, ratification requires both knowledge of the alleged constitutional violation, and proof that the policymaker specifically approved of the subordinate's act." *Soltesz*, 847 F.3d at 947 (citing *Lytle v. Carl*, 382 F.3d 978, 988, n. 2 (9th Cir. 2004)).

The post-incident ratification theory of municipal liability is limited to "extreme factual situations" only. *Peterson v. City of Fort Worth, Tex*., 588 F.3d 838, 848 (5th Cir. 2009). Further, a policymaker who defends conduct that is later shown to be unlawful does not necessarily incur liability on behalf of the municipality. *Id*. (citing *Coon v. Ledbetter*, 780 F.2d 1158, 1161-62 (5th Cir. 1986)).

Here, Plaintiff's Amended Complaint fails to allege facts tending to show that any final policymaker of the City had both knowledge of unlawful conduct by a subordinate and ratified that unlawful conduct. *Soltesz*, 847 F.3d at 947. Plaintiff has alleged insufficient facts to support a claim for post-incident ratification. For that reason, Plaintiff fails to state a claim for municipal liability on the post-incident ratification theory, and Count V should be dismissed.

### CONCLUSION

Plaintiff's Amended Complaint fails to allege facts tending to show a widespread custom or practice of retaliation at the time of Plaintiff's allegations. *See Andrews*, 98 F.3d at 1074-75.

He also fails to allege facts tending to show that a municipal custom or practice was the "moving force" behind his alleged constitutional injury. *Brown*, 520 U.S. at 403. He likewise fails to allege facts sufficient to show that a final policymaker of the City had knowledge of unlawful conduct by a subordinate and ratified that unlawful conduct. *Soltesz*, 847 F.3d at 947.

Therefore, taking Plaintiff's allegations against the City as true, and construing those allegations in a light most favorable to Plaintiff, Plaintiff fails to sufficiently allege facts entitling Plaintiff to relief. *Kottschade v. City of Rochester,* 319 F.3d 1038, 1040 (8th Cir. 2003). Consequently, Plaintiff's claims in Count V against the City of St. Louis should be dismissed pursuant to Rule 12(b)(6).

Respectfully Submitted,

JULIAN BUSH
CITY COUNSELOR

By: /s/ Abby Duncan
Abby Duncan #67766MO
Erin K. McGowan #64020MO
1200 Market Street, Room 314
City Hall
St. Louis, Mo  63103
(314) 622-4694
(314) 622-4956 fax
DuncanA@stlouis-mo.gov
McGowanE@stlouis-mo.gov
*Attorneys for City*

**CERTIFICATE OF SERVICE**

I hereby certify the foregoing was electronically filed on October 16, 2018 with the Court for service by means of Notice of Electronic Filing upon all attorneys of record.

/s/ Abby Duncan