**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **DAVID WHITT,** | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:18-CV-01294 |
| | ) |
| **CITY OF ST. LOUIS, et al.,** | ) |
| | ) |
|    Defendant. | ) |

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNT VIII AS DIRECTED AGAINST DEFENDANTS LINHORST AND BAINE

COME NOW Defendants Officer Ryan J. Linhorst and Detective Bobby D. Baine, and in support of their Motion to Dismiss Count VIII for Failure to State a Claim, state as follows:

### INTRODUCTION

Plaintiff David Whitt ("Plaintiff") has filed an eight-count complaint against the City of St. Louis, Officer Ryan J. Linhorst, Sergeant Matthew T. Karnowski, Officer Matthew A. Shaw, Detective Bobby D. Baine, and three John Doe defendants. Plaintiff alleges he was arrested and prosecuted in August 2016 for filming City of St. Louis Police officers at a crime scene. He asserts claims pursuant to 42 U.S.C. § 1983 and Missouri state law.

Count VIII asserts a claim against Defendants Linhorst and Baine ("Defendants") for unlawful search in violation of Article I, Section 15 of the Missouri Constitution. Count VIII fails to state a claim, however, because Article I, Section 15 of the Missouri Constitution does not provide a private cause of action. For this reason, Plaintiff's Count VIII fails to state a claim upon which relief can be granted and dismissal is proper.

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Although the pleading standard is liberal, the plaintiff must allege facts—not mere legal conclusions—that, if true, would support the existence of the claimed torts." *Moses.com Securities v. Comprehensive Software Systems, Inc.*, 406 F.3d. 1052, 1062 (8th Cir. 2005) (citing *Schaller Tel. Co. v. Golden Sky Systems*, 298 F.3d. 736, 740 (8th Cir. 2002)).

While a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. *Twombly*, 550 U.S. at 545. "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' to defeat a motion to dismiss." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

**ARGUMENT**

Plaintiff fails to state a claim for a violation of the Missouri Constitution because the Missouri Legislature has not provided a private cause of action for a violation of Article I, Section 15 of the Missouri Constitution. *Moody v. Hicks*, 956 S.W.2d 398 (Mo. App. E.D. 1997).

In Count VIII, Plaintiff alleges a violation of Art. I, Section 15 of the Missouri Constitution against Defendants. *See* Pl. Am. Compl. ¶ 95. Plaintiff claims his camera was seized and searched in violation of Article I, Section 15 of the Missouri Constitution, which prohibits unreasonable searches and seizures. *See* Pl. Am. Compl. ¶ 96. However, Article I,

Section 15 of the Missouri Constitution is not self-executing, and Count VIII therefore fails to state a claim upon which relief can be granted.

In *Moody v. Hicks*, the Missouri Eastern District Court of Appeals held that the Missouri Constitution is not self-executing without a legislative enactment, and Article I, Section 15 of Missouri's Constitution does not provide a private right of action. 956 S.W.2d 398. In *Hicks*, the plaintiff brought an action against law enforcement officers stemming from a search of her apartment. Among other things, the plaintiff asserted that Article I, Section 15 of Missouri's Constitution, which protects Missourians from unreasonable searches and seizures, provided her with a private cause of action. *Id*. at 402. Drawing an analogy to federal law, the court explained that U.S. constitutional violations are only actionable because 42 U.S.C. § 1983 provides a private right of action for civil rights violations. *Id*. The court reasoned that in the same way the U.S. Constitution is not self-executing without 42 U.S.C. § 1983, the Missouri Constitution is not self-executing without a legislative enactment creating a right of action. *Id*. The court thus held the Missouri Constitution is not self-executing and stated that the question of whether "such a cause of action should be permitted is best left to the discretion of the General Assembly." *Id*. *See also Collins-Camden P'ship, L.P. v. County of Jefferson*, 425 S.W.3d 210, 214 (Mo. App. E.D. 2014) ("No Missouri precedent exists permitting suits for monetary damages by private individuals resulting from violations of the Missouri Constitution.")

The principle that the Missouri Constitution is not self executing also has been recognized repeatedly by this Court. *See Moss v. City of Arnold*, 2015 WL 630374, at *4-*5 (E.D. Mo. Feb. 13, 2015) (holding that there is no cause of action for a due process violation under the Missouri Constitution because there is no enforcement statute for Art. I, Section 10 of the Missouri Constitution); *USCOC of Greater Mo. v. Cnty. of Franklin, Mo*., 2008 WL

3

2065060, at **7-8 (E.D. Mo. May 14, 2008) (rejecting a plaintiff's claim for a procedural and substantive due process violation under Article I, Section 10 of the Missouri Constitution because the Missouri Constitution does not private right of action); and *Gash v. Lafayette County*, 2007 WL 324589 at *14 (Mo. App. Feb. 6, 2007) (rejecting a claim that the due process clause of the Missouri Constitution is self executing).

Suits for monetary damages by private individuals resulting from violations of the Missouri Constitution are not permitted. Count VIII, therefore, fails against Defendant because Article I, Section 15 of the Missouri Constitution does not provide a private cause of action.

## CONCLUSION

Count VIII fails to state a claim because Article I, Section 15 of the Missouri Constitution does not provide a private cause of action. For these reasons Plaintiff's Count VIII fails to state a claim against Defendants Linhorst and Baine upon which relief can be granted and should be dismissed.

WHEREFORE, Defendants Linhorst and Baine pray the Court grant their Motion to Dismiss for Failure to State a Claim with prejudice, and for any further relief the Court deems just and reasonable.

4

Respectfully Submitted,

JULIAN BUSH
CITY COUNSELOR

By: /s/ Abby Duncan
Abby Duncan #67766MO
Erin K. McGowan #64020MO
1200 Market Street, Room 314
City Hall
St. Louis, Mo  63103
(314) 622-4694
(314) 622-4956 fax
DuncanA@stlouis-mo.gov
McGowanE@stlouis-mo.gov
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify the foregoing was electronically filed on October 16, 2018 with the Court for service by means of Notice of Electronic Filing upon all attorneys of record.

/s/ Abby Duncan