**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| DAVID WHITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-cv-1294 |
| ) | |
| CITY OF ST. LOUIS, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'**
**MOTION TO DISMISS COUNTS II AND V**

This lawsuit arises out of and is related to Plaintiff David Whitt's arrest on August 8, 2016 and his subsequent municipal prosecution. David Whitt was arrested simply for filming police activity in public—despite standing a reasonable distance from the officers and complying with commands to back up. The City of St. Louis pursued a municipal prosecution against Mr. Whitt despite lacking probable cause to do so, and despite having in their possession video footage showing David Whitt did no more than lawfully film police activity. This footage was captured by Mr. Whitt himself, on a camera the Defendants confiscated, searched, and (eventually) returned damaged. After over nine months, the City abandoned its case against Mr. Whitt.

In Count II of the First Amended Complaint ("Complaint"), David Whitt alleges that Defendants Ryan J. Linhorst, Matthew T. Karnowski, Matthew A. Shaw, and Bobby D. Baine (collectively, "SLMPD Defendants") and the Doe defendants violated Mr. Whitt's constitutional rights by instigating a quasi-criminal charge against him, by unlawfully arresting Mr. Whitt, serving as complaining witnesses in the subsequent municipal prosecution and contributing to the application of the search warrant. SLMPD Defendants now move to dismiss Count II of Plaintiff's eight-count Complaint. (Doc. #43).

1

The Defendant City of St. Louis ("City") moves to dismiss Count V, the sole count against it. (Doc. #45). Mr. Whitt's claim against the City consists of a *Monell* claim for the City's unlawful customs and practices which were the moving force behind the numerous constitutional violations Mr. Whitt suffered.

The well-pled facts in the Complaint support the malicious prosecution claim against the SLMPD Defendants and the *Monell* claim against the City. The Defendants' motions should therefore be denied.[1]

## LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 547 (2007). "[W]here the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged," facial plausibility is sufficiently established. *Wilson v. Arkansas Dep't of Human Servs.*, 850 F.3d 368, 371 (8th Cir. 2017). Additionally, whether a complaint sufficiently alleges facts to support a claim to relief that is facially plausible should be determined by reading the complaint "as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Id.* (citing *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)).

Furthermore, when determining when a motion to dismiss is appropriate, a court must "accept the allegations in the complaint as true and draw reasonable inferences in favor of the nonmoving party." *Moses.com Sec., Inc. v. Comprehensive Software Sys. Inc.*, 406 F.3d. 1052,

---

[1] Defendants filed three separate motions to dismiss. (*See* Doc. #43-48). In the interest of efficiency and for the Court's convenience, Plaintiff David Whitt combines in this one filing his response to all three pending motions. Plaintiff does not respond directly to Defendants' motion to dismiss Count VIII, and instead seeks leave from the Court to dismiss that claim without prejudice.

1062 (8th Cir. 2005); *see also Freitas v. Wells Fargo Home Mortg., Inc.*, 703 F.3d 436, 438 (8th Cir. 2013) (holding that the district court "accepts as true all factual allegations in the claim and draws all reasonable inferences in favor of the claimant" in ruling on a motion to dismiss). This is true "even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly,* 550 U.S. at 556 (citing *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508 n.1 (2002)).

Thus, a court will only dismiss upon finding "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Moses.com,* 406 F.3d at 1062. While it is true that plaintiffs must allege more than "threadbare recitals of the elements of a cause of action," the inclusion of sufficient factual matter, accepted as true, requires that a court reject a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ARGUMENT

### I. Whitt has sufficiently alleged a claim for malicious prosecution against the SLMPD Defendants.

Mr. Whitt's Count II sets forth a malicious prosecution claim against the SLMPD Defendants, who arrested Mr. Whitt and instigated a charge against him in retaliation for filming police activity. SLMPD Defendants move to dismiss this claim on the sole ground that Mr. Whitt fails to allege an underlying constitutional violation to support his malicious prosecution claim. (Doc. #44 at 2).

Defendants point out that malicious prosecution is not punishable under Section 1983 unless the defendants' conduct also infringes some provision of the Constitution or federal law. *Gunderson v. Schlueter*, 904 F.2d 407, 409 (8th Cir. 1990); *see also Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) (Section 1983 provides civil remedy for violation of federal "Constitution and laws") (citing 42 U.S.C. § 1983). But the Eighth Circuit has recognized that a plaintiff may bring a malicious prosecution claim under Section 1983 pursuant to the Fourth Amendment and framed

3

as a violation of either "a substantive right or a procedural due process violation," where the plaintiff alleges an "underlying cognizable constitutional violation." *Brown v. City of Pine Lawn,* No. 4:17-CV-01542-ERW, 2018 WL 950211, at *5 (E.D. Mo. Feb. 20, 2018); *see also Powers v. City of Ferguson,* 229 F.Supp.3d 894, 904 (E.D. Mo. 2017) (claim that a plaintiff "was arrested or prosecuted without probable cause, even if labeled a claim of malicious prosecution, must be judged under the Fourth Amendment"); *Greenman v. Jessen*, 787 F.3d 882, 890-91 (8th Cir. 2015) (plaintiff's due-process claim that he was arrested and prosecuted without probable cause "is properly addressed under a Fourth Amendment analysis"). Mr. Whitt has done so here.

Mr. Whitt has alleged underlying constitutional harms which sufficiently support his malicious prosecution claim. For example, he alleges that the Defendants arrested him, initiating a quasi-criminal charge against him, without probable cause. *See* First Am. Compl. at ¶¶ 20-25 and 31-34. But more than that, he alleges that the unlawful arrest and interference charge were carried out in retaliation for his engagement in First Amendment activity. *Id.* at ¶¶ 2, 40-41, and 45-65. These allegations, taken as true, state cognizable claims for a violation of Mr. Whitt's rights under the First, Fourth, and Fourteenth Amendments.

The case law relied upon by SLMPD Defendants does not warrant dismissal at this stage. For example, SLMPD Defendants cite *Joseph v. Allen,* 712 F.3d 1222, 1228 (8th Cir.2013), a case involving review of an order on summary judgment, not on a motion to dismiss. There, the court affirmed summary judgment against the plaintiff because they could not establish any underlying constitutional violations. 712 F.3d at 1228.

First, the standard on a motion to dismiss is critically different from that on summary judgment. At this stage, Mr. Whitt is not required to prove his claims; he is required to sufficiently allege them. *Twombly*, 550 U.S. at 547.

Second, unlike the plaintiff in *Joseph*, Mr. Whitt has alleged underlying constitutional violations by Defendants. This is not a case where the plaintiff alleged nothing more than lack of probable cause for the prosecution. *Cf. Albright v. Oliver*, 510 U.S. 266 (1994); *Baker v. McCollan*, 443 U.S. 137, 145 (1979). Mr. Whitt has alleged not only that SLMPD Defendants arrested him without probable cause, but that they arrested him in retaliation for engaging in First Amendment activity. Mr. Whitt alleges cognizable claims of false arrest, retaliation, and unlawful search against the SLMPD Defendants. Police officers abusing their power to arrest and initiate a prosecution against a citizen engaged in peaceful First Amendment activity—a person concerned only with justice and accountability—is outrageous. Such conduct offends judicial notions of fairness, and is offensive to human dignity. Read in light most favorable to Mr. Whitt, his malicious prosecution claim thus may support a procedural or substantive due process violation. *See Brown*, 2018 WL 950211 at *5-6; *Powers,* 229 F.Supp.3d at 904 (citing *Greenman,* 787 F.3d at 890-91); *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998)(The Fourteenth Amendment guarantees "[s]ubstantive due process[, which] prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty.").[2]

In sum, the First Amended Complaint contains sufficient allegations to support a malicious prosecution claim against the SLMPD Defendants, and SLMPD Defendants' motion should be denied.

### II.     **Whitt has sufficiently alleged a *Monell* claim against the City of St. Louis.**

---

[2] To the extent SLMPD Defendants argue that the deficiency in Count II is that Mr. Whitt merely did not include a specific citation to the constitutional provisions which provide support for the malicious prosecution claim, such a deficiency can be easily remedied by amending the Complaint to add a single allegation to Count II that SLMPD Defendants' conduct violated Mr. Whitt's First, Fourth, and Fourteenth Amendment rights, and Mr. Whitt asks for leave to make such amendment should the Court deem it necessary.

David Whitt alleges—as he must to state a claim for municipal liability under Section 1983—that the City of St. Louis maintains a policy or custom which was the moving force behind the violation of his constitutional rights. *See Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 694 (1978); *City of Canton v. Harris,* 489 U.S. 378, 384, 389 (1989). An official policy involves "'a deliberate choice to follow a course of action . . . made from among various alternatives' by an official who [is determined by state law to have] the final authority to establish governmental policy." *Ware v. Jackson Cty., Mo.*, 150 F.3d 873, 880 (8th Cir. 1998) (quoting *Jane Doe A v. Special Sch. Dist.*, 901 F.2d 642, 645 (8th Cir. 1990)).

A City custom, unlike a formal policy, need not receive formal approval through the City's official decision-making channels to be actionable under Section 1983. *Monell*, 426 U.S. at 690-91; *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988). To prove a municipal custom exists, a plaintiff must satisfy three elements:

> (1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> (2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> (3) Th[e] plaintiff['s] injur[y] by acts pursuant to the governmental entity's custom, *i.e.*, [proof] that the custom was the moving force behind the constitutional violation.

*Ware*, 150 F.3d at 880 (internal citations omitted); *see also Johnson v. Douglas Cnty. Med. Dept.,* 725 F.3d 825, 828 (8th Cir. 2013); *Abdullah v. County of St. Louis, Mo.,* 52 F. Supp. 3d 936, 944 (E.D. Mo. 2014).

To state a *Monell* claim under Section 1983, a plaintiff "must include allegations, references, or language by which one could begin to draw the inference that the conduct of which he complains was the result of an unconstitutional policy or custom," but "need not specifically

6

plead the unconstitutional policy or incorporate the policy's specific language into his complaint." *McKay v. City of St. Louis*, No. 4:15-CV-01315-JAR, 2016 WL 4594142, *5 (E.D. Mo. Sept. 2, 2016) (citing *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004)). In fact, as this Court has pointed out, "[a]t the time his complaint is filed, a plaintiff may not be privy to the facts necessary to accurately describe or identify the specific policies or customs which may have caused the deprivation of his constitutional right." *McKay*, 2016 WL 4594142, at *5 (citing *Doe ex rel. Doe v. School Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003)).

> A. ***The Complaint contains sufficient facts demonstrating the City's widespread customs and practices which were the moving force behind the violation of Mr. Whitt's constitutional rights.***

As alleged in the Complaint, the City of St. Louis maintains, condones, and is deliberately indifferent to a number of unconstitutional polices, customs, and practices of the SLMPD, including: falsely arresting people for filming police activity in public, and without probable cause, in violation of the First and Fourth Amendments; enforcing City ordinances in a manner which infringes on free expression and as an improper means for retaliating against protected expression, in violation of the First Amendment; and pursuing baseless municipal prosecutions without probable cause, with malice and for improper retaliatory purposes. First Am. Compl. at ¶ 76. These customs and practices are so pervasive as to constitute de facto City policies. *Id*. at ¶ 77. And these policies were the moving force behind the violation of Mr. Whitt's constitutional rights. Because the Complaint contains factual allegations sufficient to satisfy the three elements set forth in *Ware,* 150 F.3d at 880, the City's motion should be denied.

> i. Whitt has sufficiently alleged the existence of a "continuing, widespread, persistent pattern of unconstitutional misconduct" by City and its police.

Contrary to the City's argument, the Complaint contains sufficient facts which, if assumed true, establish a "continuing, widespread, persistent pattern of unconstitutional misconduct" by the

7

City and its police. For example, the Complaint contains specific allegations detailing the SLMPD's recent history of biased policing against individuals that film police in public—including the conduct of the SLMPD against individuals filming police activity during the Stockley protests. *See, e.g.,* First Am. Compl at ¶¶ 40-41; *see also Ahmad v. City of St. Louis, Missouri,* No. 4:17-CV-2455-CDP, 2017 WL 5478410, at *17 (E.D. Mo. Nov. 15, 2017). In fact, in *Ahmad*, the plaintiffs were found to have presented sufficient evidence to show that SLMPD officers "have exercised their discretion in an arbitrary and retaliatory fashion to punish protesters for voicing criticism of police or recording police conduct." 2017 WL 5478410 at *17.

But Mr. Whitt's Complaint against the City does not rely exclusively on facts revealed in *Ahmad*. The Complaint also details retaliation and harassment Mr. Whitt has personally experienced at the hands of the SLMPD. *See* First Am. Compl. at ¶ 40. The City conveniently overlooks these allegations in its motion to dismiss.

The City also asks this Court to ignore *Ahmad* as irrelevant because the events underlying that case postdate and are not sufficiently similar to Mr. Whitt's August 2016 arrest. *Ahmad* is relevant because it reflects a continuing pattern of behavior by the City and SLMPD officers of retaliating against individuals for their participation in First Amendment activity—especially when such demonstrations relate to police brutality or accountability. These facts, and the facts alleged regarding Defendants' prior mistreatment of Mr. Whitt (First Am. Compl. at ¶ 40) are sufficiently similar to the facts underlying Mr. Whitt's present claims. Taken as true, they establish a pattern of conduct so persistent and widespread as to have the effect and force of law. *Cf. Andrews v. Fowler,* 98 F.3d 1069, 1074-75 (8th Cir. 1996). Mr. Whitt has sufficiently alleged the existence of "a continuing, widespread, persistent pattern of unconstitutional misconduct" by City employees, and thus satisfies the first prong of *Ware*. 150 F.3d at 880.

      ii.    Whitt has sufficiently alleged "deliberate indifference to or tacit authorization of" this unconstitutional conduct.

David Whitt also has sufficiently alleged the City's deliberate indifference to or tacit authorization of the SLMPD's unconstitutional conduct against individuals filming police. The Eighth Circuit has held municipalities liable under *Monell* where plaintiffs produce evidence of prior complaints sufficient to demonstrate that the municipalities and their officials ignored police misconduct. *Mettler v. Whitledge*, 165 F.3d 1197, 1205 (8th Cir. 1999) (citing various cases); *see also Holmes v. Slay*, 99 F.Supp.3d 978, 987 (E.D. Mo. 2015).

Here, Plaintiff's allegations demonstrate that the City has long been on notice of SLMPD's biased policing practices, and was deliberately indifferent to the substantial risk of constitutional harm which might befall individuals engaged in protected activity around police accountability in the St. Louis area. Notice to the City of unconstitutional customs and practices by its police force came in the form of widespread publicity[3], defenses presented during municipal prosecutions, and affirmative litigation against SLMPD regarding its treatment of individuals filming police. *See,*

---

[3] *See, e.g.,* Rachel Lippmann, *Settlement reached: Police must warn before use of tear gas or other chemical agents*, ST. LOUIS PUBLIC RADIO (Mar. 26, 2015), http://news.stlpublicradio.org/post/settlement-reached-police-must-warn-use-tear-gas-or-other-chemical-agents#stream/0; Susan Hogan, *St. Louis officers chant 'whose streets, our streets' while arresting protesters*, WASHINGTON POST (Sept. 18, 2017), https://www.washingtonpost.com/news/morning-mix/wp/2017/09/18/st-louis-officers-chant-whose-streets-our-streets-while-arresting-protesters-against-police-killing/?utm_term=.5d214b44cbbf; Robert Patrick, *ACLU Sues St. Louis police, claiming abuse of protesters in 2015*, ST. LOUIS POST-DISPATCH (Sept. 29, 2017), http://www.stltoday.com/news/local/crime-and-courts/aclu-sues-st-louis-police-claiming-abuse-of-protesters-in/article_a617ed5b-40fc-5496-99ac-6e4ca9cb3cb7.html; Cait Bladt, *St. Louis Protests: Everything You Should Know*, ROLLING STONE (Sept. 21, 2017), https://www.rollingstone.com/culture/news/st-louis-protests-everything-you-should-know-w504565; Patrick Strickland, *St. Louis police arrest 307 protesters in 18 days*, AL JAZEERA (Oct. 5, 2017), https://www.aljazeera.com/news/2017/10/st-louis-police-arrest-307-protesters-18-days-171005104005733.html; Radley Balko, *Federal judge says St. Louis police targeted protesters for retaliation*, WASHINGTON POST (Nov. 16, 2017), https://www.washingtonpost.com/news/the-watch/wp/2017/11/16/federal-judge-says-st-louis-police-department-targeted-protesters-for-retaliation/?utm_term=.51de3def9fbc. This Court may consider these articles, which are of public record, in ruling on the motion to dismiss. *In re K-tel Int'l, Inc. Sec. Litig.*, 300 F.3d 881, 889 (8th Cir. 2002).

*e.g., Ahmad*, 2017 WL 5478410 at *7; Complaint, *Burbridge v. City of St. Louis*, No. 4:17-CV-02482 (E.D. Mo. Sept. 26, 2017); Complaint, *Devereaux et al. v. St. Louis, County of, Missouri et al.*, No. 2:15-CV-00023 (E.D. Mo. Mar. 30, 2015); *see also, e.g.,* Petition, *Hendrix v. City of St. Louis, et al.*, No. 1722-CC01430 (May 26, 2017) (state court action seeking damages for alleged assault, battery, false arrest and imprisonment, and malicious prosecution arising from the unlawful conduct of SLMPD officers as to the plaintiff as she participated in a peaceful protest); *D.H. v. Doe*, No. 4:14-CV-1882-RWS, 2015 WL 3419661 (E.D. Mo. May 27, 2015) (civil action alleging a pattern, practice, policy, or custom of unlawful searches, including those imposed on protesters); *O'Rourke v. King*, No. 4:16-CV-01795-AGF, 2017 WL 1152120, at *1 (E.D. Mo. Mar. 28, 2017) (civil action against SLMPD officers for constitutional violations while plaintiff engaged in peaceful protest).

Furthermore, David Whitt is well known to SLMPD because of his involvement in CopWatch and the frequency with which he films police activity. *See* First Am. Compl. at ¶¶ 20-21. As detailed in the Complaint, SLMPD has a history of harassing and retaliating against Mr. Whitt and others who film SLMPD police officers. *Id*. at ¶¶ 39-40. Mr. Whitt has alleged the City was aware of and ratified of this misconduct (*id.* at ¶¶ 76-78), and those allegations must be accepted as true for purposes of deciding the City's motion to dismiss.

Mr. Whitt has sufficiently alleged that the City was on notice of misconduct of SLMPD officers—specifically their practice and custom of making retaliatory arrests of individuals filming police activity, without probable cause—and that the City was deliberately indifferent to these customs and practices. He therefore has satisfied the second prong of *Ware*. *See Parrish v. Luckie*, 936 F.2d 201, 204 (8th Cir. 1992) ("to establish a city's liability based on its failure to prevent misconduct by employees, the plaintiff must show that city officials had knowledge of prior

10

incidents of police misconduct and deliberately failed to take remedial action."); *see also Ware*, 150 F.3d at 885 ("where it becomes clear that an employee or group of employees needs close and continuing supervision and 'the municipality fails to provide such supervision, the inevitable result is a continuation of the misconduct.'") (quoting *Harris v. City of Pagedale*, 821 F.2d 449, 508 (8th Cir. 1987)).

        iii.    David Whitt has sufficiently alleged that the City's custom or practice was the "moving force" behind his constitutional injuries.

Finally, the Complaint easily establishes that Defendants' customs or practices were the "moving force" behind the violation of David Whitt's constitutional rights. As alleged in the Complaint, the City maintains, condones, and is deliberately indifferent to various unconstitutional policies, customs, and practices of the SLMPD outlined above. *See* First Am. Compl. at ¶ 76. Mr. Whitt was arrested and prosecuted without probable cause and in retaliation for his filming police activity. It is clear from the allegations in the Complaint, taken as a whole, that the expressive conduct against which Defendants retaliate on an ongoing and widespread basis is the filming of police activity in public—conduct which is protected First Amendment activity. *See*, *e.g.*, *Ahmad*, 2017 WL 5478410 at *17; *Am. Civil Liberties Union of Illinois v. Alvarez*, 679 F.3d 583, 595–96 (7th Cir. 2012); *Glik v. Cunniffe*, 655 F.3d 78, 82 (1st Cir. 2011); *Smith v. City of Cumming*, 212 F.3d 1332, 1333 (11th Cir. 2000); *see also Hoyland v. McMenomy*, 185 F. Supp. 3d 1111, 1124 (D. Minn. 2016), *aff'd*, 869 F.3d 644 (8th Cir. 2017).

It is because of Defendants' practices and customs that SLMPD Defendants arrested Mr. Whitt without probable cause and in retaliation for his filming police activity, instigating a baseless municipal charge against him. Put another way, the Defendants' practices and customs caused or were likely to have caused his arrest and baseless prosecution, and thus were the "moving force" behind the constitutional violations. *See Mettler*, 165 F.3d at 1204; *Russell v. Hennepin Cty.*, 420

11

F.3d 841, 848 (8th Cir. 2005) (requiring plaintiff show that municipal policy was "moving force" behind constitutional violation by showing that the policy "caused or was highly likely to cause his prolonged detention").

The actions by the Defendants violated Mr. Whitt's rights under the United States and Missouri constitutions, as alleged more fully in the eight-count Complaint. These harms were the direct result of unconstitutional policies, customs or practices of the City and its police force. Mr. Whitt has alleged sufficient facts for each of the three prongs set forth in *Ware*, and as thus stated a plausible *Monell* claim against the City of St. Louis. The City's motion should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff David Whitt asks that the Court deny the City and SLMPD Defendants' Motions to Dismiss Counts II and V, in addition to granting such further relief that is just and appropriate.

Date: October 23, 2018

Respectfully submitted,

By: /s/ Amy E. Breihan
Amy E. Breihan, #65499MO
Shaleen Morales, #70559MO
RODERICK & SOLANGE
MACARTHUR JUSTICE CENTER
3115 South Grand Blvd., Suite 300
St. Louis, MO 63118
Phone: (314) 254-8540
Fax: (314) 254-8547
amy.breihan@macarthurjustice.org
shaleen.morales@macarthurjustice.org

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of October, 2018, a true and correct copy of the foregoing was filed electronically using the Court's online case filing system, which will send notice to all counsel of record.

By: /s/ Amy E. Breihan