UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **DAVID WHITT,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-CV-01294 |
| | ) | |
| **CITY OF ST. LOUIS, et al.,** | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANTS' REPLY
TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COUNTS II AND V**

In reply to Plaintiff's Opposition to Defendants' Motion to Dismiss Counts II and V (Doc. 49), City of St. Louis ("City"), Officer Ryan J. Linhorst ("Linhorst"), Sergeant Matthew T. Karnowski ("Karnowski"), Officer Matthew A. Shaw ("Shaw"), and Detective Bobby D. Baine ("Baine") (collectively referred to herein as "Defendants"), state as follows:

ARGUMENT

In opposition to Defendants Linhorst, Karnowski, Shaw and Baine's Motion to Dismiss Count II, David Whitt ("Plaintiff") argues this Court should construe Count II to state a claim for a substantive or procedural due process violation under the Fourth Amendment. However, this Court should find that Count II fails to state a claim under § 1983 because he has failed to sufficiently allege facts tending to show a procedural or due process violation and because a lack of probable cause cannot alone sustain a civil rights claim under § 1983.

In opposition to City's Motion to Dismiss Count V, Plaintiff argues he has sufficiently alleged the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by City and its police. (Doc. 49 at *7.) However, Plaintiff's reliance on the case *Ahmad v. City of St. Louis* and his own alleged experiences with SLMPD officers that precede his arrest in August 2016 are insufficient to allege a "continuing, widespread, persistent pattern of unconstitutional misconduct" by City

employees that was the "moving force" behind his alleged constitutional violation. *Jane Doe "A" v. Special School Dist.*, 901 F.2d 642, 646 (8th Cir. 1990).

### a. Count II should be dismissed because it fails to state a claim for a substantive or procedural due process violation under the Fourth Amendment.

This Court should dismiss Plaintiff's claim for malicious prosecution pursuant to § 1983 because Count II fails to adequately plead a substantive or procedural due process violation and a civil rights claim under § 1983 cannot alone be premised upon a lack of probable cause. In the alternative, Count II should be dismissed because it is duplicative of Count I.

In his Opposition to Defendants' Motion to Dismiss Plaintiff acknowledges that malicious prosecution is not punishable under § 1983 unless the defendants' conduct also infringes some provision of the Constitution or federal law. (Doc. 49 at *3). After making that acknowledgement, however, he argues this Court should construe Count II to state a claim for a substantive or procedural due process violation under the Fourth Amendment when Count II fails to state facts sufficiently alleging a substantive or procedural due process violation. In lieu of alleging a substantive or procedural due process violation, Plaintiff alleges a lack of probable cause, which alone is insufficient to state a civil rights claim under § 1983. *Joseph v. Allen*, 712 F.3d 1222, 1228 (8th Cir. 2013) (citing *Kurtz v. Shrewsbury*, 245 F.3d 753 (8th Cir. 2001)). Thus, Plaintiff's Count II should be dismissed because it fails to adequately plead a substantive or procedural due process violation.

To the extent this Court finds that Count II states a claim for a substantive due process violation, this Court should find that Count II is merely duplicative of Count I and dismiss Count II. In Count I Plaintiff alleges he was unreasonably seized in violation of the Fourth and Fourteenth Amendments and retaliated against for exercising his First Amendment rights. Pl. Am. Compl. ¶ 45. In Count II, by contrast, Plaintiff merely alleges that his arrest and prosecution were not supported by probable cause. To the extent that the Court construes Count II to state a claim for a due process violation under the Fourth Amendment, this Court should dismiss it as duplicative of the allegations asserted in Count I.

### b. Count V should be dismissed because it fails to plausibly allege that the City had a continuing, widespread and persistent pattern of unconstitutional misconduct that was the moving force behind his alleged constitutional violation.

In his Opposition to Defendants' Motion to Dismiss Plaintiff points to the case *Ahmad v. City of St. Louis, Missouri*, No. 4:17-CV-2455-CDP, 2017 WL 5478410, at *17 (E.D. Mo. Nov. 15, 2017) and his alleged personal experiences with SLMPD officers that preceded his arrest in August 2016. As City argued in its Memorandum in Support of its Motion to Dismiss Count V (Doc. 46), *Ahmad* is irrelevant to Plaintiff's claims because the events at issue in that case occurred subsequently to Plaintiff's arrest in 2016 and therefore cannot be said to be the "moving force" or direct cause behind Plaintiff's alleged constitutional violation. See *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) citing *Doe v. Sch. Dist. of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003) (in order to state a cause of action based on a custom or practice, Plaintiff is required to allege facts "by which one could begin to draw an inference that the conduct complained of . . . *resulted from* an unconstitutional policy or custom") (emphasis added); See *Shrum ex rel. Kelly v. Kluck*, 249 F.3d 773, 780 (finding no 1983 liability because school district's conduct "did not sufficiently cause" the constitutional violation).

Plaintiff's allegations concerning his own personal experiences with City also fail to state a claim for "a continuing, widespread, persistent pattern of unconstitutional misconduct" under *Monell*. This case is similar to the allegations made by the plaintiff in *Gentry*. *Gentry v. Mt. Home Sch. Dist.*, No. 3:17-CV-3008, 2018 U.S. Dist. LEXIS 80298 (W.D. Ark. May 9, 2018). In that case, the plaintiff, a high school student, brought a *Monell* claim against his school district alleging the school district had a continuing, widespread, persistent pattern of unconstitutional misconduct – namely, gender discrimination. The Court held, "[i]n the case at bar, [the plaintiff] has brought forward no evidence of the existence of a widespread, persistent pattern—a custom, in other words—of the District to discriminate against students due to their gender. The only example of alleged gender discrimination that [the plaintiff] can point to is his own." *Id.* at *29. Because the plaintiff's personal allegations did not suffice to establish the existence of a widespread, persistent pattern of unconstitutional misconduct, the plaintiff's *Monell* claim was dismissed. *Id.* at *30. Here, similarly, Plaintiff's allegations

concerning his own personal experiences with City police do not suffice to allege a widespread, persistent pattern of unconstitutional misconduct. This Court should find as the Court in *Gentry* that Plaintiff's allegations concerning his prior interactions with City employees do not allege the existence of a widespread, persistent pattern of unconstitutional misconduct under *Monell* and did not cause his alleged constitutional violation. This Court should dismiss Plaintiff's Count V.

Moreover, Plaintiff's own allegations of previous police misconduct do not constitute "prior similar complaints" under *Andrews*. See *Andrews v. Fowler*, 98 F.3d 1069, 1074-75 (8th Cir. 1996) (finding "[a] city may be subject to § 1983 liability only if it had a policy or custom of failing to act upon prior similar complaints of unconstitutional conduct"). While Plaintiff's Complaint alleges unconstitutional misconduct prior to his arrest in August 2016, he makes said allegations in his pending lawsuit against the City, which was filed two years after his arrest, and he makes no allegation that he complained of said misconduct prior to the filing of this lawsuit. Complaining at present about previous events of misconduct is not the same as there existing "prior similar complaints" at the time of the misconduct in August 2016. Hence, even if this Court were to find that Plaintiff's own allegations of police misconduct sufficed to establish a widespread, persistent pattern of unconstitutional misconduct it should find his current allegations of misconduct prior to August 2016 do not constitute "prior similar complaints" under *Andrews* as the complaining of those events did not occur until he filed suit in this matter, which was well after his arrest in August 2016. Therefore, taking Plaintiff's allegations as true, Count V should be dismissed because the City may be subject to § 1983 liability only if it had a policy or custom of failing to act upon prior similar complaints of unconstitutional conduct, and Plaintiff fails to plausibly allege that the City failed to act upon prior similar complaints.

Finally, if this Court were to find that Plaintiff's own allegations of unconstitutional misconduct state a claim under *Monell*, the high bar set for establishing municipal liability under § 1983 would greatly diminish. "The Supreme Court has set a high bar for establishing municipal liability under § 1983, and demands careful analysis from district courts, to avoid any risk that liability could be imposed under a theory of respondeat superior." *Soltesz v. Rushmore Plaza Civic Ctr.*, 847 F.3d 941, 947 (8th Cir.

2017) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)).  Allowing Plaintiff's allegations of previous alleged misconduct to constitute a widespread, persistent pattern of unconstitutional misconduct would essentially recast the elements of municipal liability under *Monell* as perfunctory.  To preserve the Supreme Court's high bar for municipal liability under § 1983, this Court should reject the assertion by Plaintiff that his allegations of prior misconduct by City police constitute a widespread, persistent pattern of unconstitutional misconduct, and Count V should be dismissed.

## CONCLUSION

Taking Plaintiff's allegations against Defendants as true, and construing those allegations in a light most favorable to Plaintiff, Plaintiff fails to sufficiently allege facts entitling Plaintiff to relief.  *Kottschade v. City of Rochester,* 319 F.3d 1038, 1040 (8th Cir. 2003).  Consequently, Plaintiff's claims in Counts II and V against Defendants should be dismissed pursuant to Rule 12(b)(6).

Respectfully Submitted,

JULIAN BUSH
CITY COUNSELOR

By: /s/ Abby Duncan
Abby Duncan #67766MO
Erin K. McGowan #64020MO
1200 Market Street, Room 314
City Hall
St. Louis, Mo  63103
(314) 622-4694
(314) 622-4956 fax
DuncanA@stlouis-mo.gov
McGowanE@stlouis-mo.gov
*Attorneys for City*

## CERTIFICATE OF SERVICE

I hereby certify the foregoing was electronically filed on October 29, 2018 with the Court for service by means of Notice of Electronic Filing upon all attorneys of record.

/s/ Abby Duncan