UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DAVID WHITT, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 4:18CV1294 RLW |
| CITY OF ST. LOUIS, et al., | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on the following motions directed at the original Compliant (ECF No. 1): Motion to Dismiss Count V by Defendant City of St. Louis (ECF No. 8); Motion to Dismiss Count II by Defendant Bobby D. Baine (ECF No. 11); Motion to Dismiss Count VIII by Baine (ECF No. 13); Motion to Dismiss Count II by Defendants Ryan J. Linhorst, Matthew T. Karnowski, and Matthew A. Shaw (ECF No. 23); and Motion to Dismiss Count VIII by Defendant Linhorst (ECF No. 25). On October 3, 2018, Plaintiff David Whitt filed a First Amended Complaint. (ECF No. 38) Because the motions listed above (ECF Nos. 8, 11, 13, 23, & 25) were directed at the original Complaint and the First Amended Complaint is now the operative complaint, the Court denies these motions to dismiss as moot.

Also before the Court are the following motions directed at the First Amended Complaint: Motion to Dismiss Count II by Defendants Linhorst, Karnowski, Shaw, and Baine (ECF No. 43); Motion to Dismiss Count V by the City of St. Louis (ECF No. 45); and Motion to Dismiss Count VIII by Defendants Linhorst and Baine (ECF No. 47). These motions are fully briefed and ready for disposition. After careful consideration, the Court grants the motion to dismiss Count VIII and denies the motions to dismiss Counts II and V.

# BACKGROUND[1]

Plaintiff David Whitt is a member of CopWatch, which is a network of community-based groups of individuals who purport to monitor and document police activity. Plaintiff alleges he is a well-known member of CopWatch in the St. Louis area and frequently records video of police activity on a camcorder.

In August 2016, Plaintiff was riding his bicycle in the City of St. Louis when he observed five police vehicles, multiple police officers from the St. Louis Metropolitan Police Department ("SLMPD"), and one individual in custody in a police cruiser. Plaintiff was recording video on his camcorder and asserts he maintained a reasonable distance away from the police officers and the man in custody. Plaintiff alleges the following events transpired:

   a. Defendant Linhorst drove a police cruiser toward Whitt, placing the vehicle between Whitt and the other police vehicles, pushing Whitt onto the sidewalk. At the same time, Linhorst instructed Whitt to back up. Whitt complied.
   b. Defendant Karnowski instructed Whitt to back up again. Again, Whitt complied, coming to a stop approximately 50 feet away from the police cruiser in which the individual was detained.
   c. Whitt then stated that he could see the individual detained in backseat of a police vehicle, at which point Defendant Karnowski looked off camera and remarked, "Yeah." Defendants Karnowski, Linhorst, and Shaw then moved forward to arrest Whitt.

(ECF No. 38, at ¶ 25) According to Plaintiff, video of the encounter was recorded on his camcorder. Plaintiff was taken into custody, booked, and detained for ten hours. He was released on a $50 bond and issued a property receipt for his camcorder and bicycle. Linhorst, with assistance of Baine, executed an affidavit in support of a warrant application to search the contents of camcorder, which was issued. Plaintiff did not receive his camcorder until January

---

[1] In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences most favorably to the complainant. *U.S. ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008).

2017. He alleges the camcorder was damaged and police had attempted to erase all video recordings from the memory card.

In October 2016, Plaintiff was charged with violating section 15.10.010 of the St. Louis City Municipal Ordinance Code, which makes it a misdemeanor to, among other things, "hinder, obstruct, resist or otherwise interfere with any City officer in the discharge of his official duties." The City of St. Louis dropped the charge against Plaintiff via *nolle prosequi* in May 2017.

Plaintiff brought this lawsuit against the City of St. Louis, SLMPD officers Linhorst, Karnowski, Shaw, and Baine (collectively referred to as "SLMPD Defendants"), and three unidentified police officers ("Doe Defendants") who assisted in his August 2016 arrest. Specifically, the First Amended Complaint (ECF No. 38) asserts the following counts pursuant to 42 U.S.C. § 1983: Unlawful Seizure/False Arrest against Defendants Linhorst, Karnowski, Shaw, and Doe Defendants (Count I); Malicious Prosecution against SLMPD Defendants (Count II); Retaliation for Exercise of First Amendment Rights in Violation of First and Fourteenth Amendments to the United States Constitution against Defendants Linhorst, Karnowski, Shaw, and Does (Count III); Unlawful Search against Defendants Linhorst and Baine (Count IV); and a claim for municipal liability pursuant to *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978), for violations of the First, Fourth, and Fourteenth Amendments against the City of St. Louis (Count V). Plaintiff also bring the following claims pursuant to the Missouri Constitution: False Arrest against Defendants Linhorst, Karnowski, Shaw, and Doe Defendants (Count VI); Malicious Prosecution against SLMPD Defendants (Count VII); and Unlawful Search in Violation of Article I, Section 15 of the Missouri Constitution against Defendants Linhorst and Baine (Count VIII).

SLMPD Defendants have moved to dismiss Count II (ECF No. 43), the City of St. Louis has moved to dismiss Count V (ECF No. 45), and Defendants Linhorst and Baine have moved to dismiss Count VIII (ECF No. 47). Plaintiff has filed a single Opposition to Defendants' Motion to Dismiss Counts II and V. (ECF No. 49) In his memorandum, Plaintiff notes he did not respond to Defendants Linhorst and Baine's Motion to Dismiss Count VIII and seeks leave to dismiss Count VIII without prejudice. (ECF No. 49, at 2 n.1) Accordingly, the Court grants the Motion to Dismiss Count VIII and dismisses that claim without prejudice.

## **LEGAL STANDARD**

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff).

However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court can

"begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id.*

## DISCUSSION

### I. Malicious Prosecution against SLMPD Defendants (Count II)

SLMPD Defendants argue Count II against them should be dismissed because Plaintiff has failed to state a claim against them. Specifically, they contend allegations of malicious prosecution against police officers premised upon a lack of probable cause alone cannot sustain a § 1983 claim. The Eighth Circuit has noted it and other circuits have consistently held "that malicious prosecution by itself is not punishable under section 1983 because it does not allege a constitutional injury. Therefore, malicious prosecution can form the basis for a section 1983 action *only if the defendants' conduct also infringes some provision of the Constitution or federal law.*" *Gunderson v. Schlueter*, 904 F.2d 407, 409 (8th Cir. 1990) (emphasis added and citations omitted). According to SLMPD Defendants, Plaintiff has failed to identify a provision of the Constitution or federal law that they allegedly violated in Count II.

The Court finds that Plaintiff's reliance on the Fourth Amendment for Count II is clear based on the four corners of the First Amended Complaint. "[T]he Eighth Circuit has left open the possibility of a malicious prosecution claim under § 1983, as either a Fourth Amendment violation of a substantive right or a procedural due process violation, where plaintiffs have alleged an underlying cognizable constitutional violation." *Brown v. City of Pine Lawn, Mo.*, No. 4:17CV01542 ERW, 2018 WL 950211, at *5 (E.D. Mo. Feb. 20, 2018); *see Harrington v. City of Council Bluffs, Ia.*, 678 F.3d 767, 679 (8th Cir. 2012) ("If malicious prosecution is a constitutional violation at all, it probably arises under the Fourth Amendment."). While the

specific numbered paragraphs addressing Count II do not *explicitly* cite to the Fourth Amendment, the allegations therein state Plaintiff's arrest and prosecution "was not supported by probable cause" and SLMPD Defendants' belief that Plaintiff violated the municipal ordinance "was objectively unreasonable because there was no evidence that [Plaintiff] 'purposefully or knowingly' interfered with police officers." (ECF No. 38, at ¶ 52) By challenging his arrest, Plaintiff is clearly invoking the Fourth Amendment. *See Terry v. Ohio*, 392 U.S. 1, 16, 88 S. Ct. 1868, 1877, 20 L. Ed. 2d 889 (1968) (noting that a person is "seized" for purposes of the Fourth Amendment if he or she is arrested as well as "whenever a police officer accosts an individual and restrains his freedom to walk away"). Furthermore, the language prohibiting "unreasonable searches and seizures" and requiring "probable cause" comes directly from the text of the Fourth Amendment itself:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, *but upon probable cause*, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

(Emphasis added). The Court does not find that the lack of explicit citation to the Fourth or Fourteenth Amendments within the allegations in the numbered paragraphs supporting Count II to be fatal given the entirety of the First Amended Complaint.[2]

SLMPD Defendants are correct that the Eighth Circuit has held that "an allegation of malicious prosecution *without more* cannot sustain a civil rights claim under § 1983." *Joseph v.*

---

[2] In fact, Count II (as do all counts in the First Amended Complaint) "incorporates all preceding paragraphs as if fully set forth in this Count." (ECF No. 38, at ¶ 49) Preceding paragraphs explicitly invoke the Fourth and Fourteenth Amendment as they relate to his allegedly unconstitutional arrest:

> Defendants' seizure of [Plaintiff] was unreasonable and unlawful, and deprived [Plaintiff] of his right to be free from unreasonable seizure of his person in violation of the Fourth and Fourteenth Amendments to the United States Constitution and his right not to be retaliated against for exercising his First Amendment rights.

(ECF No. 38, at ¶ 45)

*Allen*, 712 F.3d 1222, 1228 (8th Cir. 2013) (emphasis added). Plaintiff, however, alleges more than simply a lack of probable cause to support his claim of malicious prosecution in Count II. He asserts he was arrested and prosecuted in retaliation for exercising his First Amendment Rights. If proven, such retaliation by law enforcement could be seen as outrageous. *See Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) ("Substantive due process prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty."). Read in the light most favorable to Plaintiff, his malicious prosecution claim may support a procedural or substantive due process violation. *See Brown*, 2018 WL 950211, at *6.

At this stage of the litigation, Plaintiff has sufficiently alleged a cognizable claim under § 1983 based on a violation of the Fourth and Fourteenth Amendments. Consequently, the Motion to Dismiss Count II is denied.

## II. Municipal liability against the City of St. Louis (Count V)

The City of St. Louis argues Count V against it should be dismissed because Plaintiff has failed to state a claim against it for municipal liability. According to the city, Plaintiff has not alleged facts sufficient to show an unconstitutional official policy or widespread custom or practice necessary to establish municipal liability for alleged unconstitutional actions of officials and public employees.

"In an action under § 1983, a municipality . . . cannot be liable on a respondeat superior theory, but can be held liable if a constitutional violation resulted from a municipal policy or custom." *A.H. v. St. Louis Cty., Mo.*, 891 F.3d 721, 728 (8th Cir. 2018). "Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a

city 'policy or custom' that is actionable under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989). Therefore, municipal liability will apply in two situations: "where a municipal policy is itself unconstitutional, and where the municipality's deliberate indifference to the need to train and supervise its employees causes an employee to violate a third party's constitutional rights." *A.H.*, 891 F.3d at 728.

A plaintiff bringing a claim for municipal liability pursuant to § 1983 must assert or allege fact from which reasonable inferences can be drawn that the conduct of which he or she complains was the result of an unconstitutional policy or custom. *McKay v. City of St. Louis*, No. 4:15-CV-01315-JAR, 2016 WL 4594142, at *5 (E.D. Mo. Sept. 2, 2016). "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017) (quoting *Connick v. Thompson*, 563 U.S. 51, 62 (2011)). The plaintiff, however, "need not specifically plead the unconstitutional policy or incorporate the policy's specific language into his complaint" because "[a]t the time his complaint is filed, a plaintiff may not be privy to the facts necessary to accurately describe or identify the specific policies or customs which may have caused the deprivation of his constitutional right." *McKay*, 2016 WL 4594142, at *5.

> Here, the First Amended Complaint alleges the following:
>
> The City of St. Louis maintains, condones, and is deliberately indifferent to unconstitutional policies, customs and practices of the SLMPD, including but not limited to: falsely arresting people for filming police activity in public, and without probable cause, in violation of the First and Fourth Amendments; enforcing City ordinances in a manner which infringes on free expression and as an improper means for retaliating against protected expression, in violation of the First Amendment; and pursuing baseless municipal prosecutions without probable cause, with malice and for improper retaliatory purposes.

(ECF No. 38, at ¶ 76) Additionally, the First Amended Complaint asserts that "[t]he aforementioned policies, customs and practices directly caused and were the moving force behind [his] constitutional deprivations and resulting injuries alleged herein, including but not limited to the loss of liberty." (*Id.* at ¶ 79) Plaintiff further cites a direct example of a preliminary injunction from this district as evidence of a pattern of retaliatory conduct by law enforcement officers within the City of St. Louis. *See Ahmad v. City of St. Louis, Mo.*, No. 4:17CV2455 CDP, 2017 WL 5478410, at *17 (E.D. Mo. Nov. 15, 2017) (finding that the plaintiffs had "met their burden of showing that they are likely to succeed on their claim that [the City of St. Louis] has a custom or policy of deploying hand held pepper spray against citizens engaged in recording police or in expressive activity critical of police in retaliation for the exercise of their first amendment rights, in violation of the First, Fourth, and Fourteenth Amendments").[3] At this stage of the litigation,[4] Plaintiff's allegations are sufficient.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss Count V by Defendant City of St. Louis (ECF No. 8), Motion to Dismiss Count II by Defendant Bobby D. Baine (ECF No. 11), Motion to Dismiss Count VIII by Baine (ECF No. 13), Motion to Dismiss Count II by Defendants Ryan J. Linhorst, Matthew T. Karnowski, and Matthew A. Shaw (ECF No. 23), and Motion to Dismiss Count VIII by Defendant Linhorst (ECF No. 25) are **DENIED as moot**.

---

[3] The City of St. Louis argues *Ahmad* has no bearing on this case because the conduct at issue there occurred in September 2017, which was subsequent to Plaintiff's arrest in August 2016. Plaintiff, however, persuasively argues the actions by SLMPD officers in *Ahmad* nevertheless may provide a basis to establish a known "pattern of similar constitutional violations." *S.M.*, 874 F.3d at 585.

[4] Several of the cases Defendants cite deal with motions for summary judgment rather than motions to dismiss. *See, e.g., Andrews v. Fowler*, 98 F.3d 1069, 1076 (8th Cir. 1996); *Gentry v. Mountain Home Sch. Dist.*, No. 3:17-CV-3008, 2018 WL 2145011, at *9 (W.D. Ark. May 9, 2018).

**IT IS FURTHER ORDERED** that the Motion to Dismiss Count II by Defendants Linhorst, Karnowski, Shaw, and Baine (ECF No. 43) and Motion to Dismiss Count V by the City of St. Louis (ECF No. 45) are **DENIED**.

**IT IS FINALLY ORDERED** that the Motion to Dismiss Count VIII by Defendants Linhorst and Baine (ECF No. 47) is **GRANTED**. A separate Order of Partial Dismissal accompanies this Memorandum and Order.

Baine, Karnowski, Linhorst, and Shaw have each filed separate Answers to Plaintiff's First Amended Complaint. (ECF Nos. 39-42) The City of St. Louis is reminded of its obligation to answer or otherwise respond to the First Amended Complaint (ECF No. 38) within the time set by the rules.

Dated this 14th day of August, 2019.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**