UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DAVID WHITT,                          )
                                      )
        PLAINTIFF,                    )
                                      )
v.                                    )        Case No. 4:18-CV-01294
                                      )
CITY OF ST. LOUIS, et al.,            )
                                      )
        DEFENDANT.                    )

### DEFENDANT CITY OF ST. LOUIS' MOTION FOR PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(C)

COMES NOW Defendant City of St. Louis ("City") and pursuant to Fed. R. Civ. P. 26(c), moves this Court for an entry of a protective order barring Plaintiff from adducing testimony on certain topics set forth in Plaintiff's Second Amended Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) Directed to the City. (Exhibit A). In support, City states as follows:

### INTRODUCTION

On August 8, 2016, Plaintiff, a self-proclaimed "CopWatcher," was arrested for interfering with a police officer when he refused to back up from an active crime scene. A video recording of the incident depicts Plaintiff arriving to the crime scene at the 5000 block of Wells on his bike, riding between several police vehicles, which were stopped in the street, as he recorded them with his camcorder. He rode through the officers and then circled back to where the police were located and stopped near the stolen van. At that point, Plaintiff was told by Officer Ryan Linhorst, who was driving a police vehicle, to "scoot back, man.  We've got a crime scene here."  Plaintiff, who was disembarked from his bike at that point, took one or two steps back.  Linhorst again told Plaintiff to back up, and this time specified that Plaintiff should back up "about another 10 feet." Plaintiff told Linhorst that he was not interfering, and proceeded to take another one or two steps

1

back.  Sgt Matthew Karnowski then engaged with Plaintiff on foot with Officer Matthew Shaw by his side.  Karnowski echoed Linhorst by instructing Plaintiff to back up.  Plaintiff did not back up, but began to argue with Karnowski, saying that he wasn't doing anything and that he wasn't in the way.  Karnowski emphasized that Plaintiff could record all he wanted, but instructed Plaintiff to do so from a light pole that was some distance behind Plaintiff. Plaintiff did not back up, but continued to argue with Karnowski.  Karnowski again instructed Plaintiff to back up; he refused. Plaintiff was then arrested.

On October 6, 2016, the City of St. Louis filed formal charges against Plaintiff for interfering with a police officer under Section 15.10.010 of the St. Louis City Municipal Ordinance Code. Plaintiff filed the instant suit, asserting claims pursuant to section 1983 and alleging that four City police officers unlawfully arrested him and initiated a baseless prosecution against him in retaliation for exercising his First Amendment rights. (Doc. 38). Plaintiff also asserts a municipal liability claim against the City.

Plaintiff's arrest and the events leading up to the arrest are captured on a video recording, and there is no serious dispute about the material facts in the moments prior to the arrest. Nevertheless, Plaintiff has served upon the City a twenty-topic Rule 30(b)(6) corporate representative deposition notice, in which he seeks to, among other things, require the City to designate individuals to provide duplicative, unnecessary testimony describing events that are already well documented in the video recording. (Exhibit A).

The City is in the process of complying with the Plaintiff's request for Rule 30(b)(6) deposition testimony, and to date, Defendant City has already produced five witnesses to testify regarding eleven topics. The City will produce at least one additional witness in the coming weeks to testify regarding an additional two topics. However, several topics are objectionable and clearly

exceed the scope and limits of Rule 26(b). Defendant attempted to work with Plaintiff's counsel to reach a compromise concerning the remaining objectionable topics, however, the parties have been unable to reach an accord on several.

Defendants now move for a protective order pursuant to Rule 26(c) because the following topics exceed the scope and limits of Rule 26(b).

## LEGAL STANDARD

A court can enter a protective order upon a request of a party or a person from whom discovery is sought to protect a person from annoyance, oppression, or undue burden or expense. Rule 26(c). Among the types of protective orders that a court can enter are those holding that the discovery not be had or that discovery may be had only on specified terms and conditions or prescribing a discovery method other than the one selected by the party seeking discovery. Rule 26(c)(1)(A)-(C).

## ARGUMENT

**Topic 6**. This topic calls for the "City and SLMPD policies, procedures, customs and directives regarding the arrest of persons engaged in First Amendment activity." (Exhibit A). This request is vague and ambiguous and insufficiently definite because the mere act of participating in First Amendment-protected activity does not provide probable cause for an officer to make an arrest. Topic 6 therefore requires the City and its designee to speculate about the myriad circumstances and scenarios in which an individual who is engaged in a First Amendment-protected activity could also commit an offense leading to his or her arrest. This topic is also argumentative to the extent it suggests that the City arrests individuals *because* they are engaging in First Amendment-protected activity.

To date, the City has already produced two designees to testify regarding Police Department Special Order 1-06, which is the department's policy concerning citizens' right to observe and video record police officers in the course of their duties.  Said designees testified about efforts taken by the Department to ensure its officers are complying with the order and how the Department ensures its officers do not infringe upon a person's right to record police activity. (See Ex. A, Topics 12/13, 17 & 18). However, Defendant does not have a policy regarding the arrest of persons "engaged in First Amendment activity" because City police officers are not permitted to, nor do they, arrest people for merely exercising their First Amendment rights. The policies of the City Police Department provide for arrests when officers have probable cause that a state or local law has been violated. Thus, pursuant to the policies of the City, any arrest made of an individual who was participating in First Amendment-protected activity would occur only if the officer had probable cause to believe the individual had also violated a law.

Given that, it is clear that Topic 6 requires the City – via its designee -- to speculate about hypothetical circumstances and events and the various state and local laws that a person might violate, leading to his or her arrest. As Topic 6 is currently written, the designee would have to be prepared to testify regarding a long list of Special Orders and identify which policies would apply in any given factual scenario.

Although Rule 30(b)(6) permits a party to name as a deponent a governmental agency, the notice of deposition "must describe with *reasonable particularity* the matters for examination." (emphasis added). Here, Topic 6 lacks reasonable particularity because "the information sought would make it nearly impossible for a party to designate and fully prepare a corporate representative with knowledge regarding the topics as noticed." *Catholic Mut. Relief Soc'y of Am. v. Arrowood Indem. Co*., 2019 U.S. Dist. LEXIS 173877 at *8-*9 (D. Minn. Jan. 9 2019) citing

4

*E3 Biofuels, LLC v. Biothane, LLC*, No. 8:11CV44, 2013 U.S. Dist. LEXIS 115521, 2013 WL 4400506, at *2 (D. Neb. Aug. 15, 2013).

This Court should find that Topic 6 lacks reasonable particularity because it would be nearly impossible for the City to prepare a corporate representative who could testify regarding Topic 6 as it is currently written. This Court should find that Topic 6 does not comport with Rule 30(b)(6) because it is overly broad, ambiguous, argumentative, and not sufficiently particularized in that it does not put the designee on sufficient notice as to the testimony he or she will be asked to provided.

**Topics 9 & 10.** Topic 9 is a request for "any training or educational materials provided to or generated by SLMPD since January 1, 2016 related to the City's interfering with a police officer ordinance." (Exhibit A, Topic 9). Topic 10 requests "City and SLMPD policies and procedures relating to the filming of officers by citizens, including but not limited to Special Order 1-06." (Exhibit A, Topic 10). These requests are vague and ambiguous, as well as duplicative and burdensome.

Topic 9 is vague and ambiguous as it does not identify what training or educational materials are at issue. Plaintiff's 30(b)(6) notice was not accompanied by a request for documents, and to date, City is not aware of any training or educational materials relating to City's interfering with a police officer ordinance. Moreover, City has already produced a designee to speak on Topic 7, which requested "policies and procedures relating to the enforcement of the City's interference with a police officer ordinance." Hence, Topic 9 is vague and ambiguous and duplicative of informational already acquired in Topic 7.

In regards to Topic 10, City has already produced two designees to speak on Special Order 1-06. Specifically, City designated William Brown to speak to Topics 12 & 13, which requested

any efforts undertaken by the City and SLMPD to ensure its employees do not infringe upon the rights of citizens to safely film police officers performing their duties.  City also designated Jerome Baumgartner to speak on Topics 17 & 18, which requested efforts undertaken by City and SLMPD to ensure its employees comply with SO 1-06. Topic 10, therefore, is vague and ambiguous as to what additional information is being sought, and is duplicative and burdensome as to testimony already acquired.

**Topics 14 & 15.** Topic 14 is duplicative and burdensome in that the City has already produced designees to provide testimony responsive to the topic. Topic 15 is vague and ambiguous as it is entirely unclear what information Plaintiff seeks from the topic.

Topic 14 requests "any and all policies produced in response to Plaintiff's First Request for Production." (Exhibit A, Topic 14). In response to Plaintiff's first request for production of documents, City produced two policies- namely, Special Order 1-06, which is the police department's policy concerning citizens' right to record police activity, and Special Order 6-02, which addresses complaint discipline procedures. As addressed above, City has already produced two designees to speak on Special Order 1-06. It is unclear what additional information Topic 14 is seeking. It is equally unclear what specific information Plaintiff seeks in regards to Special Order 6-02. Because Plaintiff's request is vague and ambiguous, this Court should enter a protective order for City in regards to Topic 14.

Topic 15 requests "SLMPD's structure and operational relationship with City (from January 1, 2016 to present)." (Exhibit A, Topic 15). City has sought clarification on this point to no avail. SLMPD is a Division under the City's Department of Public Safety.  Said information is equally available to Plaintiff on City's website. It is entirely unclear from the language of this topic what additional information is being sought. Because it is indiscernible what information is being

6

sought from Topic 15, City cannot designate a representative to speak about it. The topic is therefore vague and ambiguous, and this Court should enter a protective order for City on this point.

**Topic 19**. Topic 19 is unduly burdensome and oppressive as it would require a City employee to review over 400 incident reports to determine which of those 400 reports were responsive to Plaintiff's request.  Additionally, Topic 19 is argumentative and outside the scope of Plaintiff's claims.

Responding to Topic 19 is unduly burdensome and oppressive to City. Topic 19 requests "data or statistics maintained by SLMPD or the City relating to or reflecting, over the last six years: (a) the number of individuals arrested for taking video of police officers and charged with violation of 15.10.010 of the St. Louis City Municipal Ordinance Code and (b) the outcome of those charges." (Exhibit A, Topic 19). First, the Court should bar Plaintiff from eliciting testimony on this topic because it is argumentative in that it calls for the number of individuals arrested "for taking video of police officers," thereby implying that City officers arrest individuals merely for filming them. Nevertheless, in an attempt to resolve this dispute, City offered up a corporate designee to explain that such data and statistics are not maintained by SLMPD. The designee explained that while City is able to conduct a search for all persons arrested for violating 15.10.010, a more specific search related to "individuals arrested for taking video of police officers" could not be searched. (Exhibit B, Preiss Deposition, p. 9:6-24). The general search for arrests made pursuant to 15.10.010 since January 1, 2016 yielded over 400 results. (Exhibit B, Preiss Deposition, p. 9:13-22). Because the search cannot be further narrowed, an employee of the Police Department would have to review each of the 400 incident reports to determine its relevancy to Topic 19, and would then need to run that suspect's information through a separate system to

determine the outcome of said charges. (Exhibit B, Preiss Deposition, p. 14:4-15:1). It is estimated that such a review is likely to take over six weeks. (Exhibit C, Affidavit from Danielle Eckrich). Based on these facts, Topic 19 is overly burdensome and oppressive, and a protective order should be entered for City on this point.

Moreover, Topic 19 is outside the scope of Plaintiff's claims in that it seeks incident reports dated after Plaintiff's arrest. A city may be subject to § 1983 liability only if it had a policy or custom of failing to act upon *prior similar complaints* of unconstitutional conduct. *Andrews v. Fowler*, 98 F.3d 1069, 1074-75 (8th Cir. 1996) (emphasis added). There must exist a prior pattern of unconstitutional conduct that is so "persistent and widespread" as to have the effect and force of law. *Id.* at 1075. While Plaintiff brings a *Monell* claim against City in this action, Plaintiff's arrest occurred on August 8, 2016. Incident reports after Plaintiff's arrest are beyond the scope of Plaintiff's allegations as such incidents cannot show a prior pattern of unconstitutional conduct that caused his alleged constitutional violation. *See id.* Thus, a protective order should be entered for City on this point. *See Heller v. HRB Tax Grp., Inc.*, 287 F.R.D. 483, 485-86 (E.D. Mo. 2012) (granting defendant's motion for protective order where the deposition topics were beyond the scope of the allegations in the complaint).

**Topic 20**. Topic 20 is duplicative of testimony already acquired by Plaintiff by other corporate designees or the officer defendants.

Topic 20 calls for testimony concerning "[t]he factual basis for the City's denial of allegations contained in Plaintiff's First Amended Complaint, specifically paragraph nos. 19, 21, 24-31, 33-38, 40 & 42." (Exhibit A, Topic 20). The Court should bar Plaintiff from eliciting testimony on this topic because to the extent it does not call for legal conclusions, it is duplicative, burdensome, and requires undue expense in that City's position on said denials are evident from

the testimony acquired by other corporate designees, the defendant officer, and even Plaintiff himself.

For example, City denied paragraph 24 which reads that "There was no caution or crime scene tape around the site. Whitt stayed a reasonable distance from police officers and the man in custody. Whitt's presence was not creating a threat to officer safety, and was not hindering or interfering with police activity." At their depositions, defendant officers Linhorst, Karnowski, and Shaw testified that Whitt was not a reasonable distance from them, that Whitt's presence did create a threat to them and others, and that Whitt was interfering with their investigation of the crime. So City's position as to the denial of paragraph 24 is clear, and having a corporate representative testify to things already acquired at other depositions is duplicative and an undue burden. Similarly, paragraphs 28 & 34 of Plaintiff's Amended Complaint allege that that there was no probable cause for Plaintiff's arrest. However, defendant officers Linhorst, Karnowski, and Shaw all explained at their depositions the circumstances giving rise to the probable cause to arrest Plaintiff. Moreover, documents produced during discovery and Plaintiff's own testimony demonstrate some of the falsities in the Amended Complaint.  For example, in paragraph 31 of the Amended Complaint, Plaintiff alleges that "On or about October 16, 2016, the City of St. Louis filed formal charged against David Whitt…" when the Information clearly shows that Whitt was charged on October 6, not October 16.  In paragraph 27, Plaintiff claims he paid fifty dollars to be released on bond when Plaintiff's deposition testimony made clear that someone else paid for his bond. Depositions already acquired and documents already produced clearly show the reasons for City's denial of all paragraphs outlined by Plaintiff in Topic 20. Additional testimony from a corporate representative is not necessary on this point and would be duplicative and oppressive. Hence, a protective order should be entered for City in regards to Topic 20.

**CONCLUSION**

For the foregoing reasons, this Court should enter an order barring Plaintiff from eliciting testimony on Topics 6, 9-10, 14-15, 19, and 20 because these topics exceed the scope of discovery permitted under Rule 26(b).

**CERTIFICATE OF ATTEMPT TO RESOLVE**

Undersigned counsel Abby Duncan conferred with opposing counsel, Pat Mobley, in good faith, by telephone on August 5, 2020 at approximately 2 p.m., regarding the matters in dispute in the Motion for Protective Order. Even after this good faith meeting, undersigned counsel continued to seek clarification and propose compromises regarding several topics. But after sincere efforts to resolve the disputes, counsel were unable to reach an accord.

Respectfully submitted,

MICHAEL GARVIN
CITY COUNSELOR

By: /s/ Abby Duncan
      Abby Duncan, #67766(MO)
      Associate City Counselor
      City Hall, Room 314
      St. Louis, MO  63103
      314.622.4696
      FAX: 314.622.4956
      DuncanA@stlouis-mo.gov
      Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify this Motion was electronically filed on this 20th day of October 2020 with the Court for service by means of Notice of Electronic Filing upon all attorneys of record.

/s/ Abby Duncan