UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID WHITT, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:18-CV-01294 |
| | ) |
| CITY OF ST. LOUIS, et al., | ) |
| | ) |
|    Defendant. | ) |

## DEFENDANT'S REPLY IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER

COMES NOW Defendant City of St. Louis ("City") and for its reply in support of its motion for protective order states:

**Topic 6.**

City maintains its objections that Topic 6 does not comport with Rule 30(b)(6) because it is overly broad, ambiguous, argumentative, and not sufficiently particularized in that it does not put the designee on sufficient notice as to the testimony he or she will be asked to provided.

In his response, Plaintiff insinuates he needn't state with particularity what is intended by Topic 6's request for "City and SLMPD policies, procedures, customs and directives regarding the arrest of persons engaged in First Amendment activity" because the case *Catholic Mut. Relief Soc'y of Am. v. Arrowood Indem. Co*., 2019 U.S. Dist. LEXIS 173877 (D. Minn. Jan. 9 2019), cited by City for its rule language, is inapposite to the facts of this case.  Notably, City's motion does not analogize *Catholic Mutual* to the facts of this case; instead, City uses the case to demonstrate the widely-held rule that corporate representative deposition topics must be stated with reasonable particularity so as to make it possible for a party to designate and fully prepare a corporate representative with knowledge regarding the topics as noticed.  *See Catholic*, 2019 U.S. Dist. at

1

\*8-9; *see also*, *E3 Biofuels, LLC v. Biothane, LLC*, No. 8:11CV44, 2013 U.S. Dist. LEXIS 115521, 2013 WL 4400506, at \*4 (D. Neb. Aug. 15, 2013) ("In order for Rule 30(b)(6) to function effectively, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute. Only when the requesting party has reasonably particularized the subjects about which it wishes to inquire can the responding party produce a deponent who has been suitably prepared to respond to questioning within the scope of inquiry."). Because Plaintiff has failed to state with reasonable particularity what is meant by Topic 6, City is unable to prepare a deponent to speak on the topic, and therefore, City's motion for protective order on this point should be granted.

Additionally, City has already produced representatives on the SLMPD policy which specifically addresses First Amendment conduct within the context of Plaintiff's claim – namely, Special Order 1-06, entitled "Recording of Police Activity." Plaintiff's claims are specific to the alleged retaliation and false arrest of Plaintiff for recording police activity; his claims are not related to all First Amendment activities. (*See* Doc. 38, Count III, ¶¶ 57-65). First Amendment activities could include a myriad of conduct, and because Topic 6 is not sufficiently particular, it requires City to guess as to which First Amendment activity is intended, thereby making it impossible to designate and prepare a corporate representative. Because City has already produced representatives to speak on SO 1-06 and City cannot be expected to designate a representative to speak on all First Amendment activities, City's protective order as to Topic 6 should be granted.

**Topic 9 & 10.**

Topics 9 & 10 remain vague and ambiguous, as well as duplicative and burdensome.

As to Topic 9, Plaintiff argues that the language of the topic is not vague and ambiguous as City has not objected to similarly worded requests before. Plaintiff misses the mark here. Topic 9 topic is vague and ambiguous in the context of City not having produced such

training/educational materials. In the context of there being no training/educational materials related to the interference ordinance, other than the ordinance itself, it is unclear what a corporate representative is to talk about. Put another way, a corporate representative cannot be designated to speak on materials that don't exist. Even if such materials existed, Topic 9 fails to describe with particularity what information about the materials is being sought. Because there are no training/educational materials related to City's interference ordinance, and because Plaintiff has failed to describe what information he seeks about the materials, Topic 9 is vague and ambiguous.

As to Topic 10, Plaintiff seeks someone to speak to SLMPD's "policies and procedures relating to the filming of the officers by citizens, including SO 1-06." As stated above, City has identified only one SLMPD policy regarding the filming of officers by citizens – namely, SO 1-06. Plaintiff has already deposed two corporate representatives to testify regarding SO 1-06, and Plaintiff continually fails, even in his response, to explain what additional information about SO 1-06 is being sought by Topic 10. Plaintiff alleges that Topic 10 is distinguishable from the other topics about SO 1-06 for which City has produced a corporate representative because it seeks information regarding the content of SO 1-06. This argument fails, however, because the content of SO 1-06 speaks for itself, and Plaintiff's request is unclear as to what additional information is sought about the content of SO 1-06. Because Topic 10 is unclear what additional information Plaintiff seeks in regards to SO 1-06, City's motion for protective order should be entered on this point.

**Topics 14 & 15.**

City maintains its objections as to Topics 14 & 15.

In response to City's objections to Topic 14's request for "any and all policies produced in response to Plaintiff's First Request for Production," Plaintiff claims that because City has correctly deduced that this topic is intended to seek information about SO 6-02, the topic suffices

3

as a corporate representative topic. Not so. The mere identification of a policy, without more, should not serve as a corporate representative topic because the identification of a policy in that context could mean any number of things – who drafted the policy, when the policy was drafted, why it was drafted, who approved of the policy, who is the policy for, how are individuals informed of the policy, whether the provisions of the policy are enforced, how it is enforced, who enforces it, are people trained on the policy, how are they trained, who are the trainers, etc. There is rarely, if ever, just one person in a department as large as the St. Louis Metropolitan Police Department, who can speak to all things involving a policy. Thus, depending on what information Plaintiff seeks, there may need to be more than one representative designated to speak on a policy. But without the particularity of what information is sought from a policy – like SO 6-02 or SO 1-06 – City cannot designate a representative. The contrast of Topics 10 & 14 with Topics 12/13, 17 & 18 emphasize this point. For topics 12/13, 17 & 18, City could and did designate two representatives to speak about particularized information regarding SO 1-06 – namely, how the policy is enforced and how SLMPD ensures compliance with its policy. But because Topic 10 & 14 are vague and ambiguous as to what information is being sought about the policies at issue, City cannot designate a representative as to these topics.

In Topic 15, Plaintiff argues that City has understood his topic because it guessed correctly as to what Plaintiff may have meant by "SLMPD's organizational structure or operational relationship to the City." Notably, it should not be for City to guess at what information Plaintiff's corporate representative topics seek, and its correct guess at one possible aspect of Topic 15 does not indicate that the topic is clear or that it sufficiently states with reasonably particularity the topic at hand. Nevertheless, if, as Plaintiff suggests, he seeks a representative to merely state the fact that SLMPD is a division of the City's Department of Public Safety, then City is happy to produce

someone under oath to testify to exactly that. But City objects to Plaintiff going beyond that fact because Topic 15 is vague and ambiguous as to what information about SLMPD being a division of the Department of Public Safety is being sought.

**Topic 19.**

Topic 19 remains unduly burdensome; alternatively, Topic 19 should be limited in scope only to those incidents which occurred prior to Plaintiff's arrest.

Plaintiff claims the burden of Topic 19 is proportional to the needs of the case because Plaintiff has brought a *Monell* claim against City. At this point, City must reiterate that Plaintiff's 30(b)(6) notice was not accompanied by a request for documents or a subpoena duces tecum. Therefore, City has no obligation to produce documents responsive to this topic. See *Bank of America Nat'l Trust & Sav. Asso. v. Loew's International Corp.*, 18 F.R.D. 489, 1956 U.S. Dist. LEXIS 4374 (D.N.Y. 1956) ("In absence of subpoena duces tecum or motion under Rule 34, plaintiffs may ignore with impunity that part of notice of taking depositions which requires production of designated documents."). Moreover, while true that Plaintiff has brought a *Monell* claim against City, the bringing of said claim does not permit Plaintiff to impose an undue burden on City. Rule 26(c). Notably, what Plaintiff requests from Topic 19, City does not have. Topic 19 requests "data or statistics maintained by SLMPD or the City relating to or reflecting, over the last six years: (a) the number of individuals arrested for taking video of police officers and charged with violation of 15.10.010 of the St. Louis City Municipal Ordinance Code and (b) the outcome of those charges." SLMPD does not maintain such data. While SLMPD is able to access information from which said data and statistics may be extracted, the assembly of said information would cause undue burden to SLMPD personnel for approximately six weeks. (Doc. 83-3).

Alternatively, this Court should limit the scope of Plaintiff's request to only those arrests that occurred before Plaintiff's arrest – so from January 1, 2014 to August 8, 2016. Plaintiff

acknowledges that district courts in this jurisdiction have refused to consider after-the-harm incidents as relevant evidence of a *Monell* claim. (See Doc. 86, p. 13). Indeed, the Eighth Circuit analyzes evidence of *Monell* claims to the extent that prior similar events have occurred. In *Andrews v. Fowler*, 98 F.3d 1069, 1074-75 (8th Cir. 1996), for example, a case in which a plaintiff brought a *Monell* claim against a city for failing to address police misconduct specific to sexual assault, the Court emphasized more than seven times the need for prior similar incidents to survive a challenge of the plaintiff's *Monell* claim:

- "The city may be subject to § 1983 liability for failing to act on complaints of sexual misconduct by police department employees only if it had a policy or custom of failing to act upon **prior** similar complaints of unconstitutional conduct, which caused the constitutional injury at issue." *Id.* at 1074-75.

- "There must exist a **prior** pattern of unconstitutional conduct that is so persistent and widespread as to have the effect and force of law." *Id.* at 1075.

- "To establish a city's liability based on its failure to prevent misconduct by employees, the plaintiff must show that city officials had knowledge of **prior** incidents of police misconduct and deliberately failed to take remedial action." *Id.*

- "We agree with the district court's conclusion that Andrews failed to demonstrate a city policy or custom of failing to act on or investigate **prior** complaints of sexual abuse by police officers." *Id.*

- "This evidence does not indicate a city custom or policy of failing to act on **prior** complaints." *Id.*

6

- "The two specific **prior** complaints against Fowler and the various rumors that do not implicate a particular officer pale in comparison to the type of **prior** complaints that we have previously held supported a verdict against a city." *Id.* at 1076.
- In this case, however, there is no evidence that the city ever had received, or had been deliberately indifferent to, complaints of violence or sexual assault on the part of an officer **prior** to the time Fowler raped Kristi Andrews. *Id.*

Thus, it is well-established law in the Eighth Circuit that a *Monell* claim is established by the existence of similar incidents occurring prior to the harm alleged, and thus, prior incidents are the only incidents relevant to Plaintiff's claims. Based on these facts, if this Court determines that Topic 19 is not unduly burdensome, the topic should be limited in scope to incidents occurring prior to Plaintiff's arrest on August 8, 2016.

**Topic 20.**

Implicitly, Plaintiff argues that City did not investigate this matter before filing a responsive pleading, and therefore, wishes to learn from City the "factual basis" for its answer to some paragraphs of his complaint. City does not respond to pleadings without first conducting a basic investigation into a plaintiff's claims, which may include a review of the complaint, a review of any obviously relevant documents or media (like a police report or video), and discussions with clients, so as to respond to a pleading accurately. That process was followed in this matter. City's response to Plaintiff's complaint is the result of facts learned from its initial investigation. To suggest, as Plaintiff seems to, that City could not have had some basic understanding of the facts in this case with which to answer his complaint, is simply false as City had access to much of what has been discovered in this case upon filing its answer – namely, documents and officer accounts of the incident, which support City's answer to Plaintiff's Complaint. Notably, in his response,

Plaintiff fails to identify any one paragraph for which he currently lacks the factual basis of City's response. Hence, City's motion for protective order on this point should be granted.

WHEREFORE, City requests this Court grant its motion for protective order, and for any other relief this Court deems just and proper under the circumstances.

Respectfully submitted,

MICHAEL GARVIN
CITY COUNSELOR

By: /s/ Abby Duncan
Abby Duncan, #67766(MO)
Associate City Counselor
City Hall, Room 314
St. Louis, MO  63103
314.622.4696
FAX: 314.622.4956
DuncanA@stlouis-mo.gov
Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify this Motion was electronically filed on this 12th day of November 2020 with the Court for service by means of Notice of Electronic Filing upon all attorneys of record.

/s/ Abby Duncan

8