**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

DAVID WHITT,                       )
                                )
       Plaintiff,           )
                                )     Cause No. 4:18-CV-1294
                                )
CITY OF ST. LOUIS, *et al*.       )
                                )
       Defendants.       )
                                )

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM ORDER AND JUDGMENT

COME NOW Defendants and for their response in opposition to Plaintiff's motion for relief from order and judgment state as follows:

On February 11, 2021, Defendants filed their motion for summary judgment, and accompanying statement of uncontroverted material facts. (Docs. 91-93). Plaintiff failed to respond to Defendants' statement of uncontroverted material facts. On reply, Defendants explicitly directed the Court's attention to Plaintiff's failure to respond to the material facts. (Doc. 102 at *2-3). On July 6, 2021, the Court granted Defendants' motion, and entered judgment accordingly. (Docs. 105, 106). In its order, the Court deemed as admitted Defendants' uncontroverted material facts, pursuant to Local Rule 4.01(E), because Plaintiff did not specifically controvert those facts. (Doc. 105 at *3-4) (citing E.D.Mo. L.R. 4.01(E); *Roe v. St. Louis Univ.*, 746 F.3d 874, 881 (8th Cir. 2014) (if the opposing party does not raise objections to a movant's statement of facts as required by Local Rule 4.01(E), "a district court will not abuse its discretion by admitting the movant's facts."); *Reasonover v. St. Louis Cnty.*, Mo., 447 F.3d 569, 579 (8th Cir. 2006) (district court did not abuse its discretion in deeming facts set forth in moving party's summary judgment motion admitted under E.D. Mo. Local Rule 4.01(E) where

no timely response was filed); *Ridpath v. Pederson*, 407 F.3d 934, 936 (8th Cir. 2005) (where plaintiff did not controvert defendant's statement of material facts, it was deemed admitted under E.D.Mo. Local Rule 4.01(E)).

Now – 100 days after Defendants' summary judgment motion was fully briefed – Plaintiff requests relief from order and judgment under Rule 60(b) because, by their own admission, counsel for Plaintiff failed to read Defendants' reply and timely remedy his failure to respond to Defendants' statement of uncontroverted material facts. (Doc. 108). This Court should deny Plaintiff's motion for relief from order and judgment because: 1) Plaintiff is not entitled to relief under Rule 60(b); and 2) even if this Court permits the filing of Plaintiff's response to Defendants' statement of uncontroverted facts, his proposed response fails to create any genuine issue of material fact which would challenge the Court's holding.

**I.     Plaintiff is not entitled to relief from judgment under Rule 60(b).**

Rule 60(b) motions are used as a vehicle to consider whether there was, in a final order, some "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged ...; or (6) any other reason that justifies relief." Rule 60(b) motions are viewed with disfavor and are addressed to the Court's discretion. *Rosebud Sioux Tribe v. A & P Steel, Inc.,* 733 F.2d 509, 515 (8th Cir. 1984). A district court should grant a Rule 60(b) motion only upon an adequate showing of exceptional circumstances. *Richards v. Aramark Services, Inc.,* 108 F.3d 925, 927 (8th Cir. 1997). Here, Plaintiff moves for relief under Rule 60(b), subsections (1) ("mistake, inadvertence, surprise, or excusable neglect") and (6) ("other reason that justifies relief").

a. Plaintiff is not entitled to relief under Rule 60(b)(1) because the mistakes of Plaintiff's counsel are not excusable neglect.

In assessing whether such neglect is "excusable," courts consider several factors, including (1) the danger or prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant. *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The Eighth Circuit has noted that the four *Pioneer* factors do not carry equal weight, and that "the reason for the delay is a key factor in the analysis." *In re Guidant Corp. Implantable Defibrillators*, 496 F.3d 863, 867 (8th Cir. 2007) (citing *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000)).

Numerous Eighth Circuit decisions unequivocally hold that "an attorney's ignorance or carelessness does not constitute excusable neglect." *United States v. Puig*, 419 F.3d 700, 702 (8th Cir. 2005) (*quoting Ivy v. Kimbrough*, 115 F.3d 550, 552 (8th Cir. 1997)); *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1044 (8th Cir. 2005); *United States v. 40 Acres of Land*, 221 F.3d 1344 (8th Cir. 2000) (unpublished) (relief under Rule 60(b)(1)'s excusable neglect provision is quite limited and should only be granted upon an adequate showing of exceptional circumstances; counsel cannot obtain relief by pointing to his carelessness or negligence).

Here, Plaintiff's reason for delay does not suffice as excusable neglect. Plaintiff urges the Court to find that his failure to file a response to Defendants' uncontroverted facts was merely a "clerical mistake," for which Rule 60(b)(1) provides relief. Plaintiff's narrative oversimplifies counsel's failings. The three lawyers of record for Plaintiff, two of which have been actively engaged in litigating this matter since its beginning, not only failed to file responses to Defendants' statement of facts, but also failed to timely acknowledge or remedy their mistake for

3

over three months after Defendants called attention to it in their reply brief. To explain the failure, counsel testified that he did not read Defendants' reply. (Doc. 108-6). Whether to read Defendants' reply was unquestionably within counsel's control. The Court should find that Plaintiff's purported reason for the inaction and delay is not excusable neglect; it is carelessness. *Huddleston v. City of Byrnes Mill*, No. 4:17CV2456 HEA, 2020 U.S. Dist. LEXIS 127732, at *2-4 (E.D. Mo. July 21, 2020) (relief under Rule 60(b)(1) not available when it is "necessarily the responsibility of counsel to ensure that all pleadings and memoranda are properly filed with the Court."); *see also*, *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) ("Under Rule 60(b)(1), generally attorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant and regardless of the attorney's degree of culpability."). Thus, Rule 60(b)(1) does not provide Plaintiff relief from the Court's judgment.

Although less important to the Court's analysis, the other *Pioneer* factors also do not warrant relief under Rule 60(b)(1). Under the first factor – the danger or prejudice to the non-moving party – Defendants would be prejudiced if subjected to continued litigation in this matter, as this case has been pending against them for almost three years now and involve allegations harmful to Defendants' reputations as police officers. Under the second factor, further delay would push this case far past its original Track 2 (Standard) scheduling plan, which are expected to be concluded within eighteen months of filing, and would unnecessarily delay judicial proceedings, especially in light of the fact that Plaintiff's purported response to Defendants' statement of facts does not contest any material fact above a speculative level, as discussed further below. As to the third factor – whether the movant acted in good faith – Defendants readily concede that counsel acted in good faith in bringing this motion, but the

evidence of carelessness in failing to read an opposing party's pleadings and failing to timely notice, and remedy, counsel's mistake until three months after Defendants highlighted it and after the Court ruled on the summary judgment motion carries significantly greater weight.

*Mansfield v. Stanley*, No. 4:07CV1408 FRB, 2009 U.S. Dist. LEXIS 47327 (E.D. Mo. June 5, 2009), is instructive here. In that case, Plaintiff's counsel failed to respond to a motion for summary judgment because he forgot the deadline. *Id.* at *1. After the Court entered summary judgment for Defendants, Plaintiff sought relief under Rule 60(b)(1). *Id.* at *3-4. The Court determined that Plaintiff was not entitled to relief under Rule 60(b)(1) for counsel's careless acts, noting that "this is not a situation in which plaintiff was a short while late filing a response; this is a case in which plaintiff completely ignored a deadline for many months, and filed nothing until after this Court granted defendants' motion for summary judgment." *Id.* at *9. Similarly, here, Plaintiff's counsel completely overlooked their obligation to file a response to Defendants' statement of facts for over three months, and filed nothing until after this Court granted Defendants' motion for summary judgment on July 6, 2021. Just as the court found in *Mansfield*, this Court should find that Rule 60(b)(1) does not provide relief for counsel's errors here. *See also*, *Ivy*, 115 F.3d at 552 (affirming denial of Rule 60(b) motion where attorney failed to respond to summary judgment motion, noting that "an attorney's ignorance or carelessness does not constitute 'excusable neglect'").

> b.  <u>Plaintiff is not entitled to relief under Rule 60(b)(6) because the provisions of Rule 60(b) are mutually exclusive and subsection (6) is not a vehicle of relief for an attorney's carelessness.</u>

First, the provisions of Rule 60(b) are mutually exclusive, and if the reason offered for relief falls under one of the more specific subsections of Rule 60(b)(1)-(5), the reason will not justify relief under the catch-all provision of 60(b)(6). *Box v. Ferrell*, No. 1:00CV0014 LMB,

2014 U.S. Dist. LEXIS 12087, at *5 (E.D. Mo. Jan. 31, 2014) (citing *Liljeberg v. Health Servs. Corp.*, 486 U.S. 847, 863 n. 11 (1988)). Because Plaintiff's offered reason for relief falls under subsection (1), the catch-all provision of subsection (6) should not justify relief under *Liljeberg*.

Second, "Rule 60(b)(6) has never been a vehicle for relief because of an attorney's incompetence or carelessness." *Giles v. Saint Luke's Northland-Smithville*, 908 F.3d 365, 370 (8th Cir. 2018). Here, as shown above, Plaintiff's counsel was mistaken in failing to file Plaintiff's response to Defendants' statement of facts and was careless in failing to timely remedy that mistake after it was addressed by Defendants in their reply. Because counsel's actions were careless, relief under Rule 60(b)(6) is not warranted.

Third, Rule 60(b)(6) allows for relief only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777-78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). "In determining whether extraordinary circumstances are present, a court may consider a wide range of factors. These may include, in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Id.* at 778 (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988)).

As to the risk of injustice to Plaintiff, the Supreme Court's comments in *Link v. Wabash* are instructive. In that case, the Supreme Court noted:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

*Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962), *See also, Heim v. Commissioner*, 872 F.2d 245, 247-48 (8th Cir. 1989) (quoting *Link* when denying Rule 60(b) relief after attorney was grossly negligent in representing clients).

Here, like in *Link*, this Court should find that Rule 60(b)(6) does not provide Plaintiff with relief because Plaintiff voluntarily chose his representation, and cannot now avoid the consequences of the omissions of his freely selected agents.

Lastly, there is nothing about the Court's order and judgment in this case that would compromise the public's confidence in the justice system. As addressed below, the Court's order relied predominately on the video of Plaintiff's arrest, and officer testimony about why they arrested Plaintiff. (*See* doc. 105). Plaintiff cannot, and in his proposed response to Defendants' facts largely does not, dispute said facts. Therefore, the Court's order properly considered all relevant facts leading to Plaintiff's arrest, analyzed the reasoning for his arrest, and accurately applied said facts to the law, concluding that the officers had at least arguable probable cause to arrest Plaintiff. (Doc. 105). As such, the Court's well-reasoned opinion would not compromise the public's confidence in the justice system, and Plaintiff has provided no legitimate reason for how it might. Thus, Plaintiff should not be provided relief under Rule 60(b)(6).

**II.  Even if this Court permits the filing of Plaintiff's response to Defendants' statement of uncontroverted facts, his purported response fails to create any genuine issue of material fact which would challenge the Court's order.**

As discussed briefly above, the Court bases its decision largely on the video of Plaintiff's arrest, and officer testimony about why they arrested Plaintiff. (Doc. 105). Even if the Court allows Plaintiff's purported response to Defendants' facts, Plaintiff largely fails to genuinely contest any of the facts upon which the Court bases its decision. For example, Plaintiff's purported response does not contest the nature and circumstances of the crime the police were

investigating that day or the facts leading up to Plaintiff's arrest as evidenced in the video. Instead, Plaintiff's response takes issue with the characterization that he was "arguing" with the officers before his arrest and submits his expert's deposition as evidence that Plaintiff may have been an additional five feet away from the stolen vehicle initially. Notably, Plaintiff's expert was not present at the scene that day and gleaned his information from review of the video which speaks for itself and was duly considered by the Court in its order. Even still, such minute differences "could only create the 'metaphysical' kind of doubt" that the Supreme Court instructs is not a "genuine issue" that precludes summary judgment. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Main v. Ozark Health, Inc.*, 959 F.3d 319, 327 (8th Cir. 2020).

Moreover, Plaintiff does not, nor can he, contest the officers' reasoning for arresting Plaintiff – namely, that Plaintiff placed himself in close proximity to an unfolding crime scene, his proximity to the crime scene and refusal to obey commands to back up was hindering the officers investigation and drawing the officers' attention away from the crime scene, that defendant officers were concerned Plaintiff's proximity to the crime scene would compromise evidence of the crime under investigation, and the officers feared for their safety after Plaintiff persistently refused their commands. The Court found that these facts, and others, created at least arguable probable cause for Plaintiff's arrest, and although Plaintiff may contest whether he was an *actual* threat to officer safety or whether his proximity *actually* compromised the investigation or evidence, the fact that this was the basis for the officers' arrest of Plaintiff remains uncontested.

Thus, even if this Court permits the filing of Plaintiff's response to Defendants' statement of uncontroverted facts, Plaintiff's response fails to contest any material fact with "sufficient

probative evidence [that] would permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy." *See Gregory v. Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992). Based on these facts, the Court should deny Plaintiff's motion for relief from order and judgment.


Respectfully Submitted,

MATT MOAK
CITY COUNSELOR

By: /s/ Abby Duncan
Abby Duncan #67766MO
Erin K. McGowan #64020MO
1200 Market Street
City Hall, Room 314
St. Louis, Mo  63103
(314) 622-4694
(314) 622-4956 fax
DuncanA@stlouis-mo.gov
McGowanE@stlouis-mo.gov
*Attorneys for Defendants*


## CERTIFICATE OF SERVICE

I hereby certify the foregoing was electronically filed on July 21, 2021, with the Court for service by means of Notice of Electronic Filing upon all attorneys of record.

/s/ Abby Duncan