IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID WHITT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:18-CV-1294 |
| CITY OF ST. LOUIS, *et al.* | ) ) ) |
| Defendants. | ) ) |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR RELIEF FROM ORDER AND JUDGMENT**

Plaintiff David Whitt filed the instant lawsuit to vindicate the violation of his constitutional rights by the Defendants in retaliation for his recording police activity in public. On July 6, 2021, this Court entered a Memorandum and Order granting Defendants' motion for summary judgment and entering judgment against Mr. Whitt. *See* Doc. 105. But the Court's decision unfairly denied Mr. Whitt the opportunity to present his case to the Court. The Court's decision to grant summary judgment was largely based on its assumption of the uncontroverted truth of the facts set out in the Defendants' Statement of Uncontroverted Material Facts ("Defs.' SUMF"). *See Id.* That assumption was based on the failure of Mr. Whitt's counsel to file their own Statement of Uncontroverted Material Facts ("Pl.'s SUMF") along with their memorandum opposing summary judgment. *Id*. at 3-4. However, the failure to file Pl.'s SUMF occurred because of excusable neglect.

Counsel for Mr. Whitt prepared Pl.'s SUMF and believed they had filed it with the Court. *See* Doc. 108-6 at 1. Mr. Whitt's counsel even cited to Pl.'s SUMF in their memorandum. *See Id*. Because Mr. Whitt's counsel's mistake was excusable, the Court should take this opportunity to

grant relief under Rule 60(b), set aside the judgment against Mr. Whitt, and grant him the justice of allowing this Court to examine the evidence he is and has been prepared to present.

    **I.    Mr. Whitt's Counsel's Mistake Was Excusable Neglect**

Rule 60 allows a court to grant relief from a judgment under certain enumerated circumstances. These include "mistake … or excusable neglect." FED. R. CIV. P. 60(b)(1).

In the context of the Federal Rules, the Supreme Court has found that "it is clear that excusable neglect … is a somewhat elastic concept and is not limited to omissions caused by circumstances beyond the control of the movant." *Pioneer Ins. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (internal quotation marks omitted). "For the purposes of Rule 60(b), excusable neglect is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Id.* at 394. The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. Relevant circumstances include the danger of prejudice to the non-moving party; the length of delay and its potential impact on judicial proceedings; the reason for the delay, including whether it was in the reasonable control of the movant; and whether the movant acted in good faith.

    **a.    The reason for the delay was excusable neglect.**

Defendants primarily argue that the reason for the delay in filing Pl.'s SUMF did not constitute excusable neglect and therefore that factor is dispositive here. But the actions of Mr. Whitt's counsel more closely match actions courts in the Eighth Circuit have found to constitute excusable neglect.

Courts are "permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness." *Feeney v. AT & E, Inc.*, 472 F.3d 560, 563 (8th Cir. 2006) (quoting

2

*Pioneer Ins. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993)). "District courts have 'broad' discretion in determining whether to reconsider judgment." *Huddleston v. City of Byrne Mills*, No. 4:17CV2456 HEA, 2020 WL 4192461 at *1 (E.D. Mo. July 21, 2020) (quoting *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018)). "To be excusable … the neglect must be accompanied by a showing of good faith and some reasonable basis for not complying with the rules." *Id.* (quoting *Ivy v. Kimbrough*, 115 F.3d 550, 552 (8th Cir. 1997)). Defendants cite cases purporting to hold, contrary to the language from *Feeney* (and *Pioneer*) quoted above, that "an attorney's ignorance or carelessness does not constitute excusable neglect." Doc. 109 at 3 (quoting *United States v. Puig* 419 F.3d 700, 702 (8th Cir. 2005)). However, the United States Supreme Court in *Pioneer* said otherwise. And the Eighth Circuit followed the Supreme Court in cases subsequent to the one, *Puig*, cited by Defendants. *See, e.g., Feeney*, 472 F.3d 560.

In *Huddleston*, above, the district court examined a situation where the plaintiff's counsel *entirely* failed to file a response to the defendant's motion to dismiss in time. *See Id.* The plaintiff's counsel told the court that they had "attempted to file" a motion to file out of time more than two months after the due date for the response, but nothing had, in fact, been filed with the court. *Id.* In denying the plaintiff's motion to set aside the judgment under Rule 60(b), the court found that "Plaintiffs have not shown a reasonable basis for failing to timely respond to Defendant's Motion to Dismiss and then *also* failing to verify that their motion to file a response out of time was successfully filed with the Court." *Id*. at *2 (italics in original). In *Ivy*, above, which the *Huddleston* court cited in determining whether a lawyer's mistake was excusable, the plaintiff again failed *entirely* to respond to the defendant's motion for summary judgment. *See Ivy*, 115 F.3d at 551. Defendants also cite *Mansfield v. Stanley*, No. 4:07CV1408 FRB 2009 WL 1588660 (E.D. Mo. June 5, 2009), for the proposition that Plaintiff's counsel's good faith ought

3

to be outweighed by their mistaken failure to file Pl.'s SUMF. But the facts in *Mansfield* are distinguishable. As in the two cases discussed above, counsel for the plaintiff failed *entirely* to respond to the defendants' motion for summary judgment. The lawyers in these cases gave the court no indication whatsoever that they even intended to file the relevant pleading.

Here, Mr. Whitt's counsel did, in fact, timely file their memorandum opposing summary judgment. Counsel for Mr. Whitt drafted a Response to Defendants' Statement of Uncontroverted Material facts and cited to it in the memorandum. However, counsel neglected to file the document with the Court. Counsel was unaware of this mistake until July 6, 2021. Upon being made aware of their error, counsel for Plaintiff immediately informed the Court and moved that the judgment be set aside. In the memorandum supporting his motion for relief from the judgment, Mr. Whitt demonstrated that his counsel's mistake was made in good faith. *See also* Doc. 108-6. Unlike in *Huddleston* and *Ivy*, here, Plaintiff did not miss a litigation deadline entirely. Instead, his counsel inadvertently and mistakenly failed to file a necessary document accompanying his response to Defendants' summary judgment motion. The Court should find Mr. Whitt's counsel's mistakes excusable and allow Mr. Whitt to present his evidence to the Court.

### b. The other *Pioneer* factors weigh in favor of granting relief to Mr. Whitt.

Defendants concede that one of the four factors in this case weighs in favor of finding Mr. Whitt's counsel's mistake to be excusable: that Mr. Whitt's counsel acted in good faith. Doc. 109 at 4. The reason for the delay is addressed above. That leaves two factors from *Pioneer* to consider, namely the danger of prejudice to the non-moving party and the length of the delay and its potential effect on judicial proceedings. Both of these factors weigh in favor of finding Mr. Whitt's counsel's mistake to be excusable and setting aside the judgment.

4

First, with regard to any prejudice to Defendants that might result from setting aside the judgment, Defendants argue only that setting aside the judgment would mean the continuation of litigation that brings into question their respective reputations as police officers. This argument assumes Defendants would be vindicated if the Court or, more relevant to their reputations, the public made a determination on the merits in the case. But this assumption is unwarranted. Indeed, through the instant motion, Mr. Whitt asks the Court to consider the facts as they appear in the full record, not just from Defendants' perspective. And it cannot reasonably be considered prejudicial to someone's reputation to have facts about their conduct made known.

Defendants next argue that the length of the delay caused by Mr. Whitt's counsel's mistake would be too great for the court to find counsel's mistake excusable. But, given Defendants' own efforts to delay proceedings in this case, that argument strains credulity. Defendants rightly point out that allowing the case to proceed "would push this case far past its original Track 2 (Standard) scheduling plan." Doc. 109 at 4. But Defendants omit a crucial detail regarding any assessment of the timeframe in which this case could expect to be resolved: Defendants requested, and the Court granted, and indefinite stay in the proceedings before the Court made its ruling on Defendants' summary judgment motion. Indeed, if the Court sets aside the judgment, the Court and the parties will find themselves in exactly the same situation they would have been in without Mr. Whitt's counsel's mistake: pending the Court's ruling on Defendant's summary judgment motion, trial will proceed at an indefinite date in the future. Defendants asked for and were granted that uncertainty in the ultimate end date of the case. The Court should not allow them to now use that delay as evidence of harm caused by Mr. Whitt's counsel's mistake.

5

## II.     This Court May Grant Relief Under Rule 60(b)(6)

Defendants rightly point out that the provisions of Rule 60(b)(1-5) and 60(b)(6) are mutually exclusive. However, this does not mean, as Defendants argue, that Mr. Whitt cannot make arguments under all provisions of the rule simultaneously. Mr. Whitt does not seek relief under Rule 60(b)(6) *in addition to* relief under the Rule's other provisions. He seeks that relief *in the alternative*. It is well established in the American legal system that inconsistent arguments in the alternative are permitted. *See, e.g.,* Fed. R. Civ. P. 8(d)(3) ("A party may state as many claims or defenses as it has, regardless of consistency."). This Court is not required to dismiss Mr. Whitt's arguments out of hand as inconsistent with one another, so it should proceed to consider the merits of his argument under Rule 60(b)(6). Doing so will reveal that justice requires setting aside the judgment.

"Rule 60(b) is a motion grounded in equity and exists 'to prevent the judgment from becoming a vehicle of injustice." *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005) (quoting *MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d 752, 755 (8th Cir. 1996)). District courts enjoy wide discretion in ruling on a Rule 60(b) motion. *Jones v. Swanson*, 512 F.3d 1045, 1049 (8th Cir. 2008); *United States* ex rel. *Ambrosecchia v. Paddock Lab'ys, LLC*, No. 4:12-CV-2164-RLW, 2016 WL 11164148, at *1 (E.D. Mo. Feb. 18, 2016). In evaluating a motion under Rule 60(b), courts typically consider "the danger of prejudice to [the non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395.

Here, the balancing of equities weighs in favor of setting aside the Order and Judgment. There are facts in the record that have not yet been presented to the Court due to Mr. Whitt's

6

counsel's excusable error. Had those facts been properly submitted, they would have demonstrated that one or more material questions remains for the jury to decide. Aside from and in the alternative to granting relief under Rule 60(b)(1-5), the Court here should consider the totality of the circumstances and allow Mr. Whitt's suit to proceed in the interest of justice. Examining those facts in detail places more weight in Mr. Whitt's favor.

### III. Plaintiff's SUMF Controverts and Disputes Material Facts

Defendants argue that the Court should not consider Pl.'s SUMF because doing so would not give rise to any issues of material fact, so setting aside the judgment would not have any effect on the ultimate outcome of the case. While Mr. Whitt concedes that whether his SUMF raises any issues of material fact is relevant to the Court's decision on the instant motion, it is not, as Defendants appear to argue, dispositive. It goes to whether disallowing Mr. Whitt's suit to proceed would be equitable, and what neglect may be considered excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395. Many of the facts raised in Pl.'s SUMF are materially different than the ones presented in Defs' SUMF, so equity counsels in favor of the Court considering them. Mr. Whitt will never have the opportunity to put his evidence before a fact-finder otherwise. And Mr. Whitt's counsel's mistake should not prevent this Court from considering all of the evidence in this case and thereby allowing Mr. Whitt to tell his side of the story.

Defendants argue that Mr. Whitt's SUMF only raises metaphysical doubts about the veracity of Defendants' facts regarding where Mr. Whitt was positioned relative to the officers and the so-called crime scene. They also assert that Mr. Whitt's facts do not show that the arresting officers believed Mr. Whitt was a threat to the integrity of the crime scene and their

7

own safety. But Pl.'s SUMF, properly considered by the Court, disputes these conclusory statements.

First, Mr. Whitt's SUMF raises more issues of material fact than the Defendants give it credit for. Mr. Whitt laid out these facts in his first Memorandum in Support of the instant motion. *See* Doc. 108. For example, Mr. Whitt's SUMF differs from the Defendants' account with regard to exactly how far Mr. Whitt was away from the officers and the scene, and Pl.'s SUMF shows that Mr. Whitt deliberately positioned himself in such a way as to avoid interfering with the officers' work. *See* Pl.'s SUMF at ¶10. Other issues of fact raised by Pl.'s SUMF and detailed by Mr. Whitt in his previous memorandum include whether the officers reasonably believed that Mr. Whitt posed a danger to them or the scene *see, e.g.*, Pl.'s SUMF at ¶28; whether Defendant Linhorst knew Mr. Whitt prior to the encounter that led to Mr. Whitt's arrest, *see* Pl.'s SUMF at ¶7; whether another bystander, who was not arrested, was recording police activity that day, *see* Pl.'s SUMF at ¶44; and whether the officers' continued demands that Mr. Whitt back up were reasonable, *see, e.g.* Pl.'s SUMF at ¶¶13-14. The Court should not ignore these facts because of Mr. Whitt's counsel's mistake. Doing so would be unjust to Mr. Whitt, and this Court has wide discretion here to avoid injustice.

Second, whether the arresting officers believed they had probable cause to arrest Mr. Whitt is not the question in this case. Instead, the question is whether that belief was reasonable. Probable cause exists when "the totality of the circumstances at the time of the arrest '[is] sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense.'" *Joseph v. Allen*, 712 F.3d 1222, 1226-27 (8th Cir. 2013) (quoting *Borgman v. Kedley*, 646 F.3d 518, 523 (8th Cir. 2011)). Many of the facts in Pl.'s SUMF, detailed above, show that the officers were unreasonable in arresting Mr. Whitt. As but one

8

example, Mr. Whitt's expert in policing testified that Mr. Whitt posed no threat to the officers. Pl.'s SUMF at ¶12. That fact directly contradicts the reasonableness of the officers' assertion that Mr. Whitt posed a threat to them. By way of another example Mr. Whitt already raised in his memorandum supporting the instant motion, there is disagreement between the parties' facts regarding how far away Mr. Whitt was from the officers and any alleged crime scene. This discrepancy matters because if a jury found that Mr. Whitt was not so close to the officers as to pose a threat to them, it could therefore reasonably conclude that the Defendant officers' belief that there was probable cause to arrest Mr. Whitt (a fact Mr. Whitt does not concede and that is contradicted by his SUMF, *see* Pl.'s SUMF at ¶ 7) was unreasonable.

## **CONCLUSION**

Counsel for Mr. Whitt admit and accept responsibility for their mistake. They do not seek to minimize their mistake here. But that mistake should not be a reason for this Court to deny Mr. Whitt and his facts their place in front of a fact-finder. The facts in Pl.'s SUMF are too relevant and material to ignore. Instead, this Court should use its considerable discretion in the interest of justice under Rule 60(b) and allow Mr. Whitt to proceed in his lawsuit to vindicate his Constitutional rights.

Dated: July 30, 2021            Respectfully submitted,

                          RODERICK AND SOLANGE
                          MACARTHUR JUSTICE CENTER

                          By: /s/ Amy E. Breihan
                          Amy E. Breihan, #65499MO
                          Megan G. Crane, #71624MO
                          W. Patrick Mobley, #63636MO
                          3115 South Grand Blvd., Suite 300
                          St. Louis, MO 63118
                          Phone: (314) 254-8540
                          Fax: (314) 254-8547
                          amy.breihan@macarthurjustice.org
                          megan.crane@macarthurjustice.org
                          pat.mobley@macarthurjustice.org

                          *Attorneys for Plaintiff David Whitt*

## **CERTIFICATE OF SERVICE**

I certify that on this 30th day of July 2021, I filed a copy of the foregoing using the court's CMF/ECF system, which will provide service of the same on all counsel of record.

                          By: /s/ Amy E. Breihan