# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DAVID WHITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-CV-1294 RLW |
| ) | |
| CITY OF ST. LOUIS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This closed civil matter is before the Court on Plaintiff's Motion for Relief from Order and Judgment. (ECF No. 107). Defendants Ryan Linhorst, Matthew Karnowski, and Matthew Shaw oppose the Motion. (ECF No. 109). For the reasons below, the Court will deny the Motion.

### Background

Plaintiff is a founding member of the St. Louis Chapter of WeCopWatch, an organization that seeks to deter aggressive and illegal police activity. He brought this action under state law and 42 U.S.C. § 1983 against officers from the St. Louis Metropolitan Police Department who arrested him on August 6, 2016.[1] Defendants filed a Motion for Summary Judgment on February 11, 2021. (ECF No. 91). Plaintiff opposed the Motion (ECF No. 101) but failed to respond to Defendants'

---

[1] In his Amended Complaint, Plaintiff named as defendants the City of St. Louis, Ryan J. Linhorst, Matthew J. Karnowski, Matthew A. Shaw, Bobby B. Baine, and John Does 1-3. (ECF No. 38). In October 2018, Defendants Linhorst and Baine moved to dismiss Count VIII of the Amended Complaint. (ECF No. 47). The Court granted the motion and denied all other pending motions to dismiss. (ECF No. 53). The parties later entered a Joint Stipulation of Dismissal as to Counts V and VII. (ECF No. 98). The parties also agreed to dismiss all counts against Defendant Baine. *Id.* The dismissal of Count V terminated Plaintiff's claims against the City of St. Louis. As for John Does 1-3, Plaintiff never named or served any additional parties and these placeholder defendants were dismissed on July 6, 2021. (ECF No. 105). Only Defendants Karnowski, Shaw, and Linhorst remain.

Statement of Uncontroverted Material Facts ("SUMF") as required by Local Rule 4.01(E). Even after Defendants identified Plaintiff's omission in their reply brief (ECF No. 102), Plaintiff did not seek leave of this Court to file a response out of time. Thus, in evaluating Defendants' Motion for Summary Judgment, the Court deemed admitted all matters set forth in Defendants' SUMF.[2] (ECF No. 105). The Court concluded that Plaintiff failed to substantiate his allegations with sufficient probative evidence that would permit a finding in his favor. *Id*. The Court granted Defendants' Motion for Summary Judgment in all respects on July 6, 2021. *Id*. Plaintiff filed the present motion the next day. (ECF No. 107).

## Legal Standard

Rule 60(b) of the Federal Rules of Civil Procedure provides six grounds upon which a party may rely when seeking relief from a final judgment. Rule 60(b) motions are viewed with disfavor in the Eighth Circuit. *Rosebud Sioux Tribe v. A & P Steel, Inc.*, 733 F.2d 509, 515 (8th Cir. 1984). District courts have wide discretion in ruling on a Rule 60(b) motion and will only be reversed for a clear abuse of discretion. *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008) (citation omitted). "Reversal of a district court's denial of a Rule 60(b) motion is rare because Rule 60(b) authorizes relief in only the most exceptional of cases." *Giles v. Saint Luke's Northland-Smithville*, 908 F.3d 365, 368 (8th Cir. 2018) (citation omitted).

---

[2] In doing so, the Court relied on the Local Rule 4.01(E) and well-stablished caselaw. *See* E.D.Mo. L.R. 4.01(E); *Roe v. St. Louis Univ.*, 746 F.3d 874, 881 (8th Cir. 2014) (if the opposing party does not raise objections to a movant's statement of facts as required by Local Rule 4.01(E), "a district court will not abuse its discretion by admitting the movant's facts."); *Reasonover v. St. Louis Cnty., Mo.*, 447 F.3d 569, 579 (8th Cir. 2006) (district court did not abuse its discretion in deeming facts set forth in moving party's summary judgment motion admitted under E.D. Mo. Local Rule 4.01(E) where no timely response was filed); *Ridpath v. Pederson*, 407 F.3d 934, 936 (8th Cir. 2005) (where plaintiff did not controvert defendant's statement of material facts, it was deemed admitted under E.D.Mo. Local Rule 4.01(E)).

**Discussion**

Plaintiff asserts grounds for relief under subsections (b)(1) and (b)(6) of Rule 60. Subsection (b)(1) permits relief from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Subsection (b)(6) permits relief for "any other reason that justifies relief." Plaintiff is not entitled to relief under either provision.

**A. Plaintiff's error does not constitute excusable neglect under Rule 60(b)(1).**

Plaintiff asserts that his counsel's failure to respond to Defendants' SUMF amounts to excusable neglect. Defendants, and this Court, disagree.

**1. The *Pioneer* Factors**

In determining whether neglect is excusable under Rule 60(b)(1), courts must consider: (1) the danger of prejudice to the adverse party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The existence of a meritorious defense is also a factor. *Feeney v. AT & E, Inc.*, 472 F.3d 560, 563 (8th Cir. 2006). Of these factors, "the reason for the delay" is the most important to the analysis. *Id.*; *see also In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007) ("These four *Pioneer* factors do not carry equal weight; the reason for delay is a key factor in the analysis."). "Ignorance of, or inattention to, procedural law is not usually excusable neglect." *See* 12 James Wm. Moore, et al., *Moore's Federal Practice*, § 60.41[1][c][iii] (3d ed. 2021). "[F]ailure to follow the clear dictates of a court rule will not generally constitute such excusable neglect." *Ceridian Corp. v. SCSC Corp.*, 212 F.3d 398, 404 (8th Cir. 2000) (citing *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir.1997), *cert. denied*, 522 U.S. 1117 (1998) (failure to file

3

responsive papers to summary judgment motion not excusable neglect) (internal quotation marks omitted)). The carelessness of an attorney is not generally enough under Rule 60(b)(1). *Cline v. Hoogland*, 518 F.2d 776 (8th Cir. 1975). Even so, the Court must consider all relevant factors to determine whether the circumstances justify the opposite result. *See Moore's Federal Practice*, § 60.41[1][c][iii].

### a. The danger of prejudice to the adverse party.

Plaintiff argues that allowing him to file his response to Defendants' SUMF "will not have a negative impact these [sic] proceedings or cause undue delay in the fair and just resolution of the case." (ECF No. 108, p. 3). Defendants counter that continued litigation could be injurious to Defendants' reputations. (ECF No. 109, p. 4).

If the Court allowed Plaintiff to file his response at this juncture, Defendants' initial reply brief would be moot. Defendants would need to spend additional time and resources drafting a new reply brief. Even so, this factor does not weigh decisively in either party's favor and the Court is unaware of any caselaw that relies on the presence or absence of prejudice to the nonmoving party as a basis for granting or denying relief under Rule 60(b). *Sutherland v. ITT Cont'l Baking Co.*, 710 F.2d 473, 476 (8th Cir. 1983). The nonmoving party is not required to come forward with evidence of prejudice and this Court need not make a specific finding about prejudicial effect. *Id*.

### b. The length of the delay and its potential impact on the proceedings.

Plaintiff argues that the delay is minimal and will not have a negative impact on the proceedings. (ECF No. 108, p. 3). Plaintiff notes there is no pending trial date because it was continued indefinitely at Defendants' request. *Id*. Defendants argue that further litigation would push the case past its Track 2 scheduling plan. (ECF No. 109, p. 4). Plaintiff counters that Defendants themselves are at least partially responsible for the delay because they requested, and

received, an indefinite stay of the trial date pending the Court's decision on their Motion for Summary Judgment. (ECF No. 110, p.5).

Plaintiff's argument is not well taken. Defendants filed their Motion for Extension of Trial Date on June 23, 2021. Per the Court's Case Management Order, pre-trial filings were due on June 29, 2021 and trial was set for July 19, 2021. (ECF No. 74). Given that the Court had not yet ruled on Defendants' Motion for Summary Judgment, Defendants' Motion for Extension was exceedingly reasonable and prevented needless expenditure of resources by all parties. Plaintiff's attempt to blame Defendants for any delay in this matter is poorly received considering it took Plaintiff's counsel over three months to discover his error even after Defendants pointed it out in their reply brief. Allowing Plaintiff to file a response to Defendants' SUMF several months after the initial deadline—and more than three years after the filing date—would necessarily require the Court to permit a reply from the Defendants, thereby delaying finality even further. This factor weighs in Defendants' favor.

### c. *The reason for the delay and whether it was within Plaintiff's reasonable control.*

Plaintiff argues that his failure to respond was merely a clerical error. (ECF No. 108, p. 4). Defendants argue that the reasons for the delay—counsel's failure to file the required document and later failure to read Defendants' reply brief—were well within Plaintiff's reasonable control. (ECF No. 109, p. 4).

Plaintiff relies on *Feeney* and *Pioneer* to argue that his counsel's oversight was excusable neglect. (ECF No. 110, p. 3). These cases do not support Plaintiff's argument. In *Pioneer*, the Supreme Court held that an attorney's failure to file a necessary document within the deadline *can* constitute "excusable neglect." *Pioneer*, 507 U.S. at 383. Notably, in rejecting the narrow view held by some circuits that attorney negligence is *never* excusable, the Supreme Court did not hold

5

that attorney negligence is per se excusable. *See Moore's Federal Practice*, § 60.41[1][a]. In fact, the Court explicitly acknowledged that inadvertence, ignorance of the rules, and mistakes construing the rule do not usually constitute "excusable neglect." *Pioneer*, 507 U.S. at 392.

Indeed, 8th Circuit caselaw following *Pioneer* establishes that a party's "indifference to logistical matters within his 'reasonable control' weighs against him in the equitable balance." *Feeney*, 472 F.3d at 563. In *Feeney*, Defendant Mitan failed to respond to the Feeneys' motion for summary judgment. *Id.* at 562. The district court granted the motion for summary judgment. *Id.* In doing so, the court rescinded the stock purchase agreement between the parties and held that the Feeneys owned the company in question. *Id.* The district court later refused to grant Mitan's motion for relief from the judgment. *Id.*

On appeal, the 8th Circuit determined that the "district court's grant of summary judgment was the functional equivalent of a default judgment against Mitan, because it granted judgment without discussing the merits of the claim, based solely on Mitan's failure to reply." *Id*. Even so, the Court upheld the lower court's determination that the Feeneys owned the company because Mitan's failure to respond "was due to his own neglect in failing to check his mail." *Id.* at 564. And although the 8th Circuit determined that Mitan did not act in bad faith and there would be no prejudice to the Feeneys from the delay, it concluded that "these factors do not outweigh [the defendant's] carelessness and the absence of any apparent meritorious defense." *Id.*[3]

An earlier case is also instructive here. In *Ceridian Corp. v. SCSC Corp.*, the parties entered into a settlement agreement whereby Ceridian could file a garnishment action against SCSC's

---

[3] While the *Feeney* court affirmed the lower court's judgment as to ownership of the company, it vacated the lower court's recission of the stock purchase agreement between the parties. It did so not because the Mitan's neglect was excusable, but because recission of the agreement did not restore the *status quo* as required by Arkansas contract law.

6

insurers. *Ceridian Corp.*, 212 F.3d at 400. The insurers were discharged under Minnesota law when Ceridian failed to file any motion within 20 days after receiving the insurers' disclosure forms. *Id*. Realizing its error, Ceridian then filed a motion to compel disclosure and a contingent motion for relief from discharge of the insurers. *Id*. The district court denied both motions and Ceridian appealed. *Id.*

The 8th Circuit affirmed the lower court, finding that the language of the garnishment statute was clear and Ceridian had not presented a persuasive justification for misconstruing the statute. *Id.* at 405. The Court explained that "failure to follow the clear dictates of a court rule will generally not constitute such excusable neglect." *Id.* at 404 (citing *Canfield*, 127 F.3d at 250) (failure to file responsive papers to summary judgment motion not excusable neglect)).

Other circuits have taken similar positions. In *Easley v. Kirmsee*, plaintiff failed to file a response to defendants' motion for summary judgment. *Easley v. Kirmsee*, 382 F.3d 693, 696 (7th Cir. 2004). After granting defendants' motion, the trial court denied plaintiff's motion for relief from the judgment. *Id.* The Seventh Circuit upheld the decision, stating that "attorney inattentiveness to litigation is not excusable, no matter what resulting consequences the attorney's somnolent behavior may have on a litigant." *Id.* at 698.

In *Canfield v. Van Atta Buick*, plaintiff failed to respond to defendant's motion for summary judgment in accordance with local rules. *Canfield,* 127 F.3d at 248. The trial court subsequently dismissed plaintiff's complaint. *Id.* at 249. Plaintiff then sought relief from the judgment. *Id.* In a supporting affidavit, plaintiff's attorney stated that his client was not at fault. *Id.* The attorney attributed his error to administrative oversight and his bid for the 124th Assembly District in New York State. *Id.* The trial court denied plaintiff's motion and the Second Circuit affirmed. *Id.* In doing so, the appellate court acknowledged that while *Pioneer* established that

7

attorney error may be excusable, "we do not believe that the possibility that a court may properly find excusable neglect on such grounds alters the principle that failure to follow the clear dictates of a court rule will generally not constitute such excusable neglect." *Id*. at 250.

Plaintiff tries to distinguish the present case by arguing that "Plaintiff did not miss a litigation deadline entirely." (ECF No. 110, p. 4). Plaintiff is incorrect. The Second Amended Case Management Order states that oppositions to motions for summary judgment were due March 15, 2021. (ECF No. 74). The Local Rules make clear that "every memorandum in opposition must be accompanied by a document titled Response to Statement of Material Facts[.]" E.D.Mo. L.R. 4.01(E) Plaintiff did not file a response to Defendants' SUMF as required by the Local Rules. In other words, Plaintiff missed a litigation deadline entirely.

Here, as in *Feeney*, *Ceridian*, *Easley*, and *Canfield*, Plaintiff's error is attributable to inattentiveness and carelessness. Plaintiff first failed to respond to Defendants' SUMF and then failed to discover the error because Plaintiff's counsel—by his own admission—did not read Defendants' reply brief. (ECF No. 108-6, ¶ 4). As in *Ceridian* and *Canfield*, Plaintiff did not follow the clear dictates of a court rule. The fact that Plaintiff's counsel failed to read Defendants' reply brief does not help. If anything, it cuts sharply against Plaintiff's position. And although Plaintiff himself did not commit the error, parties are bound by the acts of their lawyer under our system of representative litigation. *Pioneer*, 507 U.S. at 396-97. This factor weighs in Defendants' favor.

### d.   *Whether Plaintiff acted in good faith.*

There is nothing in the record to suggest Plaintiff or his counsel acted in bad faith. This factor weights in Plaintiff's favor.

### *e. Existence of a meritorious defense.*

Although not explicitly mentioned in *Pioneer*, courts have also considered the existence of a meritorious defense in deciding whether to grant relief under Rule 60(b)(1). *Giles*, 908 F.3d at 368. Plaintiff argues that several material facts are contested by his proposed response to Defendants' SUMF. (ECF No. 108, pp. 4-7). In doing so, Plaintiff relies largely on the deposition testimony of his expert.

The Court has carefully reviewed Plaintiff's would-be defenses and finds it highly unlikely they would warrant a different outcome in this case. The Court agrees with Defendants that Plaintiff's proffered defenses "could only create the 'metaphysical' kind of doubt that the Supreme Court decried in *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)." *Main v. Ozark Health, Inc.*, 959 F.3d 319, 327 (8th Cir. 2020) (cited case omitted). As will be discussed further below, the Court did not treat Defendants' Motion for Summary Judgment as a motion for default. In its 24-page Memorandum and Order, the Court carefully considered all the facts, including the video evidence of the incident in question. (ECF No. 105). Despite not having the benefit of Plaintiff's response to Defendants' SUMF, the Court reached a decision on the merits. Plaintiff's purported factual disputes about the underlying facts do not supersede the most important aspect of the analysis—that Plaintiff failed to timely respond to Defendants' SUMF and failed to seek leave of the Court to do so even after Defendants pointed it out in their reply brief.

### 2. <u>Conclusion</u>

Carelessness by an attorney does not generally constitute excusable neglect and Plaintiff has not provided sufficient justification for the opposite result. *See Cline,* 518 F.2d 776. Had Plaintiff discovered his error earlier—and sought leave of the Court to file a response out of time—this case may be different. But that is not what happened. Plaintiff's attorney failed to file a

response to Defendants' SUMF and then failed to discover his error for over three months because he opted not to read Defendants' reply brief. Simply put, the most important factor in the analysis—the reason for delay—weighs heavily against Plaintiff. *See Feeney*, 472 F.3d at 563. Because Defendants' reply brief explicitly pointed out Plaintiff's error, there is no satisfactory excuse for Plaintiff's failure to seek leave of the Court to file out of time. *Id.* Plaintiff is not entitled to relief from the Court's Order and Judgment under Rule 60(b)(1).

### B. Plaintiff is not entitled to relief under Rule 60(b)(6).

Plaintiff asserts in the alternative that he is entitled to relief under Rule 60(b)(6) for "any other reason that justifies relief." Plaintiff claims that "[p]ermitting the Order and Judgment to stand in the face of these material and contested facts would be inequitable and unjust[.]" (ECF No. 108, p. 8). Defendants argue, among other things, that the provisions of Rule 60(b) are mutually exclusive. (ECF No. 109, p. 5).

Rule 60(b)(6) authorizes relief from a final judgment only in extraordinary circumstances. *In re Guidant Corp.*, 496 F.3d at 868 (citation omitted). In determining whether extraordinary circumstances exist, the Court must consider a wide range of factors which may include the risk of injustice to the parties and the risk of undermining the public's confidence in the judicial system. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988). "Relief under this rule is exceedingly rare as relief requires an intrusion into the sanctity of a final judgment." *Id.* (citation and internal quotation marks omitted). Exceptional circumstances do not arise every time a party is subject to unfavorable consequences from a properly arrived at adverse judgment. *Id*. (citing *Atkinson v. Prudential Prop. Co., Inc.*, 43 F.3d 367, 373 (8th Cir. 1994)). "Rule 60(b)(6) has never been a vehicle for relief because of an attorney's incompetence or carelessness." *Giles*, 908 F.3d at 370 (citation omitted).

10

Subsection (b)(6) of Rule 60 and subsections (b)(1) through (b)(5) are mutually exclusive. *Liljeberg*, 486 U.S. at 864 n. 11; *see also U.S. v. Fernandez,* 797 F.3d 315, 319 (5th Cir. 2015). That is, a motion for relief from a judgment cannot be brought under the catch-all provision of Rule 60(b)(6) if it could have been brought under another subsection. *Id.*; *see also Fernandez*, 797 F.3d at 319.

As a preliminary matter, the Court finds that Plaintiff cannot pursue relief simultaneously under subsections (b)(1) and (b)(6). While Plaintiff cites "the interest of justice" as the basis for relief under the catch-all provision, Plaintiff's Motion for Relief clearly stems from Plaintiff's failure to respond to Defendants' SUMF. Plaintiff's error cannot serve as a basis for relief under Rule 60(b)(6). *See Fernandez*, 797 F.3d at 319; *see also Su v. Wilmington Tr., Nat'l Ass'n*, 839 F. App'x 884, 888 (5th Cir. 2021).

Even if Plaintiff could sustain a motion under both (b)(1) and (b)(6), he is not entitled to such relief. This case is similar to *Bennett v. Dr. Pepper/Seven Up, Inc.* In *Bennett*, pro se plaintiff failed to respond to defendant's motion for summary judgment. *Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 807 (8th Cir. 2002). After the trial court granted defendant's motion, plaintiff sought relief from the judgment under subsections (b)(1) and (b)(6) of Rule 60. *Id.* Plaintiff asserted that his failure to respond to the motion for summary judgment resulted in a judgment not based on the merits. *Id.* at 808. The trial court denied plaintiff's motion and plaintiff appealed. *Id.* at 807. The Eighth Circuit affirmed, explaining that "[t]he obligation to point out genuine issues of material fact that would preclude judgment as a matter of law for [defendant] lay with [plaintiff], not with [defendant]." *Id.* at 808. The appellate court further explained:

> [T]he [trial] court's order granting summary judgment to [defendant] was not made to punish or to sanction [plaintiff] for his failure to file a response to the motion. It was not a default judgment. It is clear from the court's thorough opinion that it reached its

> summary judgment decision on the merits of [plaintiff's] claims as set forth in his complaint.

*Id.*

Such is the case here. This Court's order granting Defendants' Motion for Summary Judgment was not made to punish or sanction Plaintiff. As evidenced by its 24-page Memorandum and Order, the Court carefully considered Plaintiff's Memorandum in Support and reached its decision on the merits.

Plaintiff is not entitled to relief under Rule 60(b)(6). The Court reached the merits of Plaintiff's case and, in any event, subsection (b)(6) is not a vehicle for relief from an attorney's carelessness. *Giles*, 908 F.3d at 370 (citation omitted).

## Conclusion

For the reasons above, the Court will deny Plaintiff's Motion for Relief from Order and Judgment. (ECF No. 107).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Relief from Order and Judgment (ECF No. 107) is **DENIED**.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 3rd day of November, 2021.